BORDEAUX, RESPONDENT, *v.* BORDEAUX, APPELLANT.

(No. 1,787.)

(Submitted April 21, 1902.   Decided June 2, 1902.)

| 26 | 533 |
| f26 | 538 |
| f26 | 540 |
| 26 | 533 |
| e27 | 118 |
| 26 | 533 |
| 29 | 482 |

*Divorce—Temporary Alimony—Suit Money—Power to Grant —Jurisdiction of Supreme Court.*

The Supreme Court is without power, either inherent or constitutionally conferred, to allow temporary alimony or suit money pending an appeal in a divorce case. After an appeal is taken the *action* is still in the District Court, the primary forum. Allowance of suit money or temporary alimony is not within the *original* jurisdiction of the Supreme Court, nor is it necessary or proper to the complete exercise of *appellate* jurisdiction.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

DIVORCE suit by John R. Bordeaux against Ella F. Bordeaux. A decree was rendered for plaintiff, and a new trial denied, and defendant appealed. Original application by de-

fendant for an allowance of temporary alimony and suit money. Application denied.

*Messrs. McHatton & Cotter,* for Appellant.

*Messrs. Stapleton & Stapleton,* and *Mr. B. S. Thresher,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Judgment of divorce was entered in favor of the plaintiff for an offense committed by the defendant. From the judgment and an order refusing her motion for a new trial the defendant has appealed. She now applies to this court for an order requiring the respondent to pay to her the sum of $5,000 as a reasonable fee for the services of her counsel rendered and to be rendered on the appeals, and to pay also the costs of the transcript, of her appearance fee in this court, and of printing her brief for this court; and also requiring the respondent to pay for her support and maintenance pending the appeals a sum in excess of the amount allowed by the district court. The power of this court to grant the order prayed for is challenged by the respondent.

By virtue of Section 11 of Article VIII of the Constitution of Montana, district courts have original jurisdiction of actions for divorce. While such an action is pending, the district court or its judge may, as is provided in Section 191 of the Civil Code, in its or his discretion require the husband to pay alimony and suit money; and the "action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Section 1895, Code of Civil Procedure.)

Whether the district court or judge has power, pending appeal, to require the husband to pay to the wife money necessary to prosecute or defend against an appeal in a divorce case is a question reserved as unnecessary to be decided. As to the

conclusion on this point reached in *Reilly* v. *Reilly,* 60 California Reports, 625, we express no opinion. Suffice it to say that this application seeks to invoke the exercise of original jurisdiction, and that the constitution has not, either expressly or by implication, conferred upon the supreme court original jurisdiction in actions for divorce. The source of our jurisdiction is found in Sections 2 and 3 of Article VIII of that instrument, and in neither is there authority for the relief sought by the applicant. To the complete exercise of appellate jurisdiction this court is empowered to issue and to hear and determine such "original and remedial writs as may be necessary or proper." Complete exercise of appellate jurisdiction in the case at bar does not demand such a writ, nor in any wise depend upon its issuance; nor does the appellant ask for it. We remark, also, that Section 1730 of the Code of Civil Procedure, providing that whenever an appeal is perfected "it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, * * * but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from," does not grant to this court the power which the appellant asks to be exercised.

Nor is the order prayed for one falling within the general and inherent powers of this court. Many decisions are produced which are asserted by counsel to uphold the position of the appellant. Some of the cases are directly in point, and fully support the contention. Of these, *Lake* v. *Lake,* 16 Nevada Reports, 363, and *Id.,* 17 Nevada Reports, 230 (30 Pac. 878), is the strongest. Other cases, owing to the difference between the law of and the practice prevailing in the states where they were decided and the law and practice in this state, are of no value. Neither the courts which administered justice according to the course and practice of the common law, nor courts of chancery, were clothed with jurisdiction of divorce causes. In the ecclesiastical courts, and in them only, resided the power to declare judicial dissolution of the bonds of matrimony. In

the absence of tribunals of the kind last mentioned, the states of the Union have, with few exceptions, lodged with their courts of equity jurisdiction over such causes. In Montana an action of divorce is a suit in equity. According to the equity practice, an appeal removed the whole case—all questions of law and of fact—to the higher court, where it was tried anew upon the depositions presented to the chancellor *a quo,* or upon such depositions and further evidence reduced to writing, and a decree entered upon the merits. During the pendency of the appeal the suit so transferred was in the higher court, and hence it might, in general, make such orders as the court or chancellor of first instance could have made. Such, as we understand, is the procedure still in vogue in certain of the states. In Montana, however, the contrary practice prevails. The action—the entire case—is not transferred by appeal. Questions of law only are presented on appeal, even where the relief sought is equitable in character. The action itself is still pending in the lower court. On an appeal only questions of law are tried; neither the mere weight of evidence in substantial conflict nor the credibility of the witnesses is re-examined, nor is evidence adduced. Except in so far as affected by the appeal, the cause remains in the district court, the primary forum. The supreme court may affirm, reverse, or modify the judgment or order appealed from, and direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had (Section 21, Code of Civil Procedure), but the judgment of the supreme court affects only the judgment or order of the lower court, and must be certified to the court from which the appeal was taken and in which the action is pending. This is manifest from an examination of the organic law and the statutes. Express recognition of it is found in Section 1730, *supra.* This distinction has been often overlooked, as appears from many of the opinions read in support of the present proceeding.

The application is dismissed for want of jurisdiction to entertain it.

*Dismissed.*