KATHRYN R. LIBRA, Plaintiff and Appellant, v. A. L. LIBRA, Defendant and Respondent.

No. 11695.
Submitted Nov. 17, 1969.
Decided Nov. 24, 1969
462 P.2d 178.

William Dee Morris argued, Helena, for plaintiff-appellant.
Patrick F. Hooks, Townsend, Ted James argued, Great Falls, for defendant-respondent.

PER CURIAM.

On October 24, 1969, Kathryn R. Libra, plaintiff-appellant in this cause, filed in this Court a motion for relief under

Rule 22, M.R.App.Civ.P. Upon a review of her motion and supporting papers, it appeared that the divorce action between plaintiff and A. L. Libra, defendant-respondent herein, is now on appeal to this Court and in such action some questions have arisen with respect to the jurisdiction of the district court, being whether or not such district court retains jurisdiction to proceed in (a) acts of contempt committed by either party; (b) provisions relating to child custody; and (c) provisions relating to support or alimony payments.

This Court being desirous of ascertaining whether there was a justiciable issue, on October 29, 1969 ordered counsel for the respective parties to serve and file memorandums of authority and to appear and present oral argument.

On November 17, 1969 in response to such order, counsel appeared, argued, and the matter was submitted.

It appears from the record that the divorce case was tried before presiding judge, Honorable A. B. Martin, called in because both district judges in the first judicial district deemed themselves disqualified. Findings of fact, conclusions of law and decree favoring the defendant were entered on June 2, 1969 and notice thereof served upon plaintiff. On June 20, 1969, notice of appeal was filed by plaintiff. On June 23, 1969, plaintiff filed an affidavit of disqualification of the presiding judge and thereafter the Honorable Nat Allen assumed jurisdiction.

On August 26, 1969, plaintiff filed a petition to declare defendant in contempt of court and to modify the divorce decree, and an order to show cause was issued on the same day. Defendant filed answer to both petitions and also filed certain consolidated motions on September 2, 1969, and the matter was heard by presiding Judge Allen on September 5, 1969.

The transcript of this hearing indicates that the consolidated motions of the defendant were served shortly before and on the same day as the hearing. Counsel for the defendant pointed out to the court that the divorce case was on appeal

and that plaintiff did not come into court with clean hands, in that she had not complied with the original decree. It appeared Judge Martin had provided that if a modification was sought at a later date that a confidential psychiatrist's report should be furnished to the court on or before August 15, 1969, and none had been furnished. Further, that certain items of personal property had not been returned to the defendant as required, as well as various other matters.

Counsel for plaintiff, asserting that the contention of unclean hands charges the plaintiff with being in contempt of court, that in view of the shortness of time since service of defendant's motion he was not prepared to go to trial on that issue and requested the court to set a later date. Counsel for plaintiff also requested that the court permit plaintiff to produce her evidence in support of her motions; give him an opportunity to file a brief in response to the one filed that day by defendant's counsel, take the motions under advisement and rule on them after the brief had been filed.

As to the report of the psychiatrist, counsel for the plaintiff advised the court he had a psychiatrist in court, ready to testify.

At this point the court commented that he did not believe he had any jurisdiction to modify anything in Judge Martin's order because it was not a final order yet and might be changed on the appeal. The court thereupon dismissed all the motions.

Further discussion was had with the court concerning the psychiatrist's report, counsel for plaintiff offering in evidence a report dated June 17, 1969. The court consented to hear the testimony of the psychiatrist and she was sworn and testified. At the conclusion of her testimony, plaintiff's counsel requested the court to reconsider the motion but was advised that the court would not reconsider, and upon further inquiry the court advised it would refuse to take jurisdiction on the question of the best welfare of the children.

Here we have a divorce case which required a four day trial and in which the presiding judge made 28 separate findings of fact. Motions for new trial, to amend findings of fact, conclusions of law and decree, and for stay of execution had been filed, heard and ruled upon by the predecessor presiding judge. An original proceeding had been instituted by the plaintiff in this Court wherein she sought a stay of execution, temporary restraining order, order to show cause, attorney's fees, other costs on appeal, and other relief, all of which was denied and the petition dismissed by our order of June 24, 1969, 456 P.2d 308. Too, on June 18, 1969, a motion for enforcement of judgment and decree was presented to the court and a judgment transferring title to real property was made and entered on June 18, all brought about by reason of plaintiff's failure to execute instruments required of her by the decree.

Then the presiding trial judge was disqualified by the plaintiff. No transcript of the testimony upon the trial at that time existed.

Into this maze of proceedings and pleadings comes another presiding judge, totally unfamiliar with the cause except such as he could gain from reading the pleadings, briefs and listening to the arguments of counsel.

It is true that in the ordinary instance when an appeal is taken the district court is divested of jurisdiction and cannot proceed in any matter embraced in the order or judgment appealed from. But matters such as are raised herein were not matters embraced in the judgment appealed from. The alleged contempt arose from alleged failure to pay support money; the matter of child custody was bottomed on alleged change of circumstances since entry of the decree; and, of course, if any change in custody were to be ordered it would be necessary to provide for support.

In 1902 in Bordeaux v. Bordeaux, 26 Mont. 533, 69 P. 103, a divorce action, an appeal was perfected to this Court from

the decree of divorce. Mrs. Bordeaux, the appellant, applied to this Court for an order granting her counsel fees, funds with which to pay for her brief, other costs, and support and maintenance pending the appeal. The right of the Supreme Court to grant such an order was challenged by the respondent and the court said in part:

"By virtue of section 11 of article 8 of the constitution of Montana, district courts have original jurisdiction of actions for divorce. While such an action is pending, the district court or its judge may, as is provided in section 191 of the Civil Code, [Sec. 191, Civil Code of 1895, now section 21-137, R.C.M.1947] in its or his discretion require the husband to pay alimony and suit money; and the 'action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.' (Section 1895, Code of Civil Procedure [now section 93-8706, R.C.M.1947.].)"

The Court further explained its position in these words:

"In Montana an action of divorce is a suit in equity. According to the equity practice, an appeal removed the whole case—all questions of law and of fact—to the higher court, where it was tried anew upon the depositions presented to the chancellor *a quo*, or upon such depositions and further evidence reduced to writing, and a decree entered upon the merits. During the pendency of the appeal the suit so transferred was in the higher court, and hence it might, in general, make such orders as the court or chancellor of first instance could have made. Such, as we understand, is the procedure still in vogue in certain of the states. In Montana, however, the contrary practice prevails. The action—the entire case—is not transferred by appeal. Questions of law only are presented on appeal, even where the relief sought is equitable in character. The action itself is still pending in the lower court. On an appeal only questions of law are tried. Neither

the mere weight of the evidence nor the credibility of the witnesses is re-examined, nor is evidence adduced. Except in so far as affected by the appeal, the cause remains in the district court, the primary forum. The supreme court may affirm, reverse, or modify the judgment or order appealed from, and direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had (Section 21, Code of Civil Procedure [superseded in 1903 by present section 93-216, R.C.M.1947]), but the judgment of the supreme court affects only the judgment or order of the lower court, and must be certified to the court from which the appeal was taken and in which the action is pending. This is manifest from an examination of the organic law and the statutes. Express recognition of it is found in section 1730, supra. [Now section 93-8011, R.C.M.1947.] This distinction has been often overlooked, as appears from many of the opinions read in support of the present proceeding.

"The application is dismissed for want of jurisdiction to entertain it."

At the extraordinary session of the Legislature in 1903, an act was adopted which provided in part: "* * * In equity cases, and in matters and proceedings of an equitable nature, the Supreme Court shall review all questions of fact arising upon the evidence presented in the record, * * *" Ch. 1, Ex.L.1903, (Presently section 93-216, R.C.M.1947.) Except for this change the ruling in Bordeaux, supra, is still the law of Montana.

In 1904 the Bordeaux divorce case was again before this Court on an application for a writ of supervisory control to set aside an order of the district court committing relator to prison in certain contempt proceedings for failure to comply with an order granting alimony. This Court in its opinion in State ex rel. Bordeaux v. District Court, 31 Mont. 511, 79 P. 13, stated:

"It appears from the record that before the granting of a decree in divorce in favor of the plaintiff against the defendant in the case of Bordeaux v. Bordeaux, [30 Mont. 36, 75 P. 524] 80 Pac. 6, now before this court for final determination upon appeal after rehearing, the district court made an order directing the plaintiff (relator herein) to pay to his wife, the defendant, the sum of $100 per month alimony, and that this order has never been revoked or modified. In the contempt proceeding it appears that some time after the decree, and after appeal therefrom to this court, the relator failed to pay to his wife the alimony fixed by the court. Upon being cited to show cause why he should not be punished for contempt, he pleaded that he had been enjoined by the court from disposing of any of his property, and that his income was not sufficient to enable him to make the payment, and, further, that the court had no jurisdiction to make any order in the premises, because the case was not then in the district court, but on appeal. The court found his reasons insufficient, fined him $20 for contempt, and ordered him to pay the alimony then due, and to stand committed until the order of the court was complied with and the fine satisfied.

"The action of the court was correct. If he could not, by stress of circumstances, comply with the order of the court, it was his duty, for his own protection, to go into court, relate the circumstances, and pray for a revocation or modification of the order directing him to pay alimony. It appears that his property is worth over $60,000, and his income more than $400 per month. A wife is entitled to the alimony until the case is finally determined, or until the order is revoked or modified by the court which made it. As has been heretofore said by this court, the Supreme Court has jurisdiction as soon as the notice of appeal has been regularly served and filed, and a sufficient undertaking properly filed with the clerk of the court below, but the *case* is in the district court. The determination of the appeal

is for the Supreme Court. The district court has authority to compel obedience to its orders granting alimony. The Supreme Court certainly would not have any authority to enforce the order of the district court in the premises. (Grannis v. Supreme Court of the City and County of San Francisco, 143 Cal. 630, 77 P. 647.)"

This ruling remains the law of Montana.

As to orders respecting custody of children in divorce actions, section 21-138, R.C.M.1947, provides:

"In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

Authority is legion in Montana that the district court's jurisdiction is continuing in child custody cases and the interest of the child is the paramount consideration of the court. We discussed these general principles most recently in Simon v. Simon, 154 Mont. 193, 461 P.2d 851, 26 St.Rep. 706, and they need not be repeated here.

Previously we have referred to the "maze" of proceedings and pleadings in the case and that the newly called in district judge was totally unfamiliar with the previous testimony and evidence that was the basis of Judge Martin's findings. Understandably the district judge would be most hesitant to tread on the same shaky domestic ground; however, as we have indicated heretofore, his jurisdiction remains in the case in all matters not directly involved in the appeal. These matters, such as child custody and support payments, are peculiarly dependent on the continuing jurisdiction and authority of the trier of fact.

The district court erred when it declined to entertain the motions of the plaintiff-appellant on the ground of lack of jurisdiction insofar as they referred to matters arising follow-

ing the entry of the decree and dealing with matters not embraced within the decree being appealed from. However, this is not to be interpreted to mean that the consolidated motions of the defendant-respondent should not likewise be heard.

Nothing said in this opinion expresses any opinion of this Court as to the sufficiency of the pleadings filed by either plaintiff or defendant, nor as to the fact situations referred to, these matters being entirely, at this stage, in the province of the district court.

The district court is directed to proceed in accordance with the views herein expressed.