No. 13232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

EMIL W. ERHARDT,

Plaintiff and Respondent,

-vs-

JOANNE S. ERHARDT,

Defendant and Appellant.

---

Appeal from:   District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Berg, Angel, Andriolo & Morgan, Bozeman, Montana
Charles F. Angel argued, Bozeman, Montana

For Respondent:

William E. Gilbert argued, Bozeman, Montana

---

Submitted:   September 2, 1976

Decided: SEP 2 1 1976

Filed: SEP 2 1 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Gallatin County, granting a change of custody of two minor boys from the mother to the father following the father's petition for modification of the custody provisions of the divorce decree.

The determinative issue is whether sufficient evidence was presented at the hearing on the father's petition to show a material change in circumstances warranting modification of the divorce decree. We hold there was not.

The father Emil W. Erhardt and mother JoAnne S. Erhardt were divorced April 14, 1975. They agreed at that time that JoAnne would receive custody of their children, Erik W., age six; and Tilney J., age seven. Upon finding that both parties were fit and proper to have custody, the district court incorporated the agreement with the divorce decree and ordered that JoAnne have custody of the children ten months each year and Emil two months each year. Emil, however, was allowed to keep physical custody of the children in Bozeman until July 15, 1975, to give JoAnne time to get a job and establish a home for the children in California. JoAnne subsequently obtained work as an executive secretary and rented an apartment large enough to accomodate the children. On July 9, 1975, Emil filed a petition seeking modification of the divorce decree to obtain permanent custody of the children. He refused to deliver the children to their mother on July 15, 1975. The petition was heard August 1, 1975 and Emil was given permanent custody subject to JoAnne's right to have the children for the Christmas holidays and for thirty days each summer. JoAnne then filed notice of appeal.

This Court recently set forth the applicable law in Foss v. Leifer, _____Mont._____, 550 P.2d 1309, 1311, 33 St.Rep. 528, 530:

> "In Montana it has been firmly established that the court's jurisdiction in matters of custody is of a continuing nature. Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093; Libra v. Libra, 154 Mont. 222, 462 P.2d 178. This concept also controls under the recently enacted Uniform Marriage and Divorce Act, section 48-339, R.C.M. 1947, which clearly provides district courts may not exercise discretionary power to modify a prior custody decree unless two basic elements are shown to exist: 1) new facts or facts unknown to the court at the time the initial decree was entered demonstrate that a change has occurred in the circumstances of the child or those of his custodian; and 2) this change is sufficient to warrant a modification in order to promote the particular child's best interests. This basic standard was applied in this jurisdiction long before the enactment of the new law, and a determination of which law would be applicable under the facts presented would have no bearing on the result. Jewett v. Jewett, 73 Mont. 591, 237 P. 702; Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225; Simon v. Simon 154 Mont. 193, 461 P.2d 851.
>
> "* * * In reviewing orders which affect the custody of a child, this Court is mindful that the primary duty of deciding the proper custody of children is the task of the district court. Thus, all reasonable presumptions as to the correctness of that determination will be made. No ruling will be disturbed absent a clear showing the district court's discretion was abused. [Citing cases]."

The legislative intent to provide some stability for custody arrangements is further emphasized by section 48-339(1), R.C.M. 1947, of the Uniform Marriage and Divorce Act, adopted by Montana in 1975, which provides:

> "No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health."

However, as in Foss, it makes no difference here whether the new law or the old law controls, for both establish that a modification of custody is an abuse of discretion unless premised

- 3 -

upon a change in circumstances "sufficient to endanger the welfare of the child".

The father contends the stability the life the children have settled into constitutes the necessary change in circumstances. Admitting that a change cannot occur in just three and one-half months, he argues it is the result of the children continuing to live with him in the same circumstances and home they have known throughout their lives. He notes the children's friends and activities are the same as they have always been; the children have adjusted to the divorce and formed deeper ties with their father; and the mother has been absent from the home. He concludes that to send the children to JoAnne in California would result in a total upheaval of their lives, contrary to their best interests.

JoAnne, on the other hand, argues there has been no change in circumstances. She alleges the circumstances existing at the time of the hearing on Emil's petition were exactly those contemplated when the divorce decree was issued. We agree.

The divorce decree of April 14, 1975, expressly provided that the father was given temporary custody until July 15, 1975, for the sole purpose of allowing the mother time to obtain employment and provide a home for her children in California. Only three and one-half months elapsed between the divorce decree and the hearing on Emil's petition for modification. JoAnne obtained employment in April 1975, and she rented an apartment in July 1975. She was prepared to receive the children on July 15, 1975, as previously agreed by the parties and ordered by the district court. No allegations of unfitness were made by either party during the hearing on Emil's petition and after investigation the district court found both parties were fit and proper parents. These facts do not show a change in circumstances sufficient to endanger the

children.  To the contrary, they show JoAnne did exactly what she was supposed to do under the terms of the divorce decree and pursuant to her agreement with Emil.

The evidence is insufficient to show a change of circumstances therefore modification of the custody provisions of the divorce decree by the district court was an abuse of discretion and its order awarding custody to the father is set aside.

_Wesley Castles_
Justice

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Frank R. Haswell_
Justices.

- 5 -