No. 13493

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN RE THE CUSTODY OF SUZANNE DAWN
DALLENGER and CHRISTOPHER MICHAEL
DALLENGER

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R.D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Scott, Linnell, Neill & Newhall, Great Falls,
Montana
Kenneth R. Neill argued, Great Falls, Montana

For Respondent:

Swanberg, Koby, Swanberg & Matteucci, Great Falls,
Montana
Arthur G. Matteucci appeared, Great Falls, Montana
John Albe argued, Great Falls, Montana

---

Submitted: March 15, 1977

Decided: AUG 22 1977

Filed: AUG 22 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Cascade County, granting respondent's petition for modification of the decree as to custody of the parties' two children.

Appellant Ronald Dallenger was awarded custody of the children, Suzanne and Christopher, pursuant to a decree of divorce entered May 24, 1974. Appellant has since remarried and presently lives in Great Falls, Montana. Respondent, Martha Herren, also is remarried and resides in Florida. On February 20, 1976, respondent filed a petition for modification of custody. She filed an amended petition to the same effect on March 25, 1976. The matter was referred to the court of conciliation for investigation and hearing was held June 30, 1976, on the modification issue. After the hearing the district court granted respondent's petition for modification and awarded custody of the children to her. The court expressed the standards it employed in these findings and conclusions:

> "* * * Without going into the nature and particulars of all such testimony, the Court finds as a matter of fact, that Suzanne's and Christopher's physical, mental, moral and emotional health would be best served if Herren had the care, custody and control of said children subject to reasonable rights of visitation by Dallenger at reasonable times, places and intervals as fully set forth in the order herein. A change in custody would serve said children's best interest.
>
> "* * *
>
> "Martha F. Herren (Dallenger) has shown by a preponderance of the evidence introduced herein that the physical, mental, moral and emotional health are best served by she acquiring custody of Suzanne and Christopher Dallenger, and that to change custody arrangements forthwith is to the environmental benefit of said children."

- 2 -

Appellant urges two specifications of error:

(1) The district court applied incorrect standards in its decision to change custody of the children to respondent.

(2) That even if the proper standards were applied, the decision was not supported by the evidence.

We hold the first specification of error requires a reversal of the district court's order and new hearing, therefore we express no opinion regarding the sufficiency of the evidence presented at the prior hearing.

The action for modification of custody arises under the Uniform Marriage and Divorce Act, section 48-339, R.C.M. 1947, it provides:

> "(1) No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health.

> "(2) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

> "(a) the custodian agrees to the modification;

> "(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

> "(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him.

> "(3) Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment."

Section 48-339 requires a showing of a change in circumstances and that modification is necessary to serve the best interests of the child. The statute is specific, however, in pointing out how these standards are to be applied. No change in custody may be made unless subsections (a), (b), or (c) under section 48-339(2) are satisfied. Here only subsection 2(c) is applicable, and it requires: (1) the physical, mental, moral, or emotional health of the child be endangered in its present environment; and (2) the advantages to the child of a change in custody outweigh the harm likely to be caused by such a change.

This burden put on the party seeking a change in custody was developed intentionally to further the policy that custody ought to be difficult to change after a decree is made. The Comment of the National Conference of Commissioners on Uniform State Laws, quoted by this Court in Holm v. Holm, _____ Mont. _____, 560 P.2d 905, 908, 34 St.Rep. 118, 121, states in part:

> "Most experts who have spoken to the problems of post-divorce adjustment of children believe that insuring the decree's finality is more important than determining which parent should be the custodian. See Watson, The Children of Armageddon: Problems of Custody Following Divorce, 21 Syracuse L.Rev. 55 (1969). This section is designed to maximize finality (and thus assure continuity for the child) without jeopardizing the child's interest. * * *"

In light of these policy considerations in addition to the clear language of the statute, we cannot hold the statute is satisfied where the court finds only that the interests of the children would be "best served" by a change in custody, and that such a change would be "to the environmental benefit"

of the children. For the court in this case to have jurisdiction to modify a custody decree under section 48-339, there must be a finding of danger to the physical, mental, moral, or emotional health of the children in their present environment, and a finding that the harm likely to be caused by such a change is outweighed by its advantages to them. Here, there simply were no such findings.

Respondent argues the ultimate determination under the statute is still the best interests of the child and a finding to that effect necessarily includes a finding that one of the subsections to section 48-339(2) is satisfied. We agree the final decision remains the traditional "best interests" decision. Foss v. Leifer, _____Mont._____, 550 P.2d 1309, 33 St.Rep. 528; Erhardt v. Erhardt, _____Mont.____, 554 P.2d 758, 33 St.Rep. 883. But the subsections to section 48-339(2) are jurisdictional prerequisites to modification which were placed there to serve the basic policy behind the entire section, the policy of custodial continuity. To allow these crucial issues to be resolved merely by references to the best interests of the children would seriously weaken the statute. We hold the district court did not comply with the correct statutory standards set out in section 48-339(2)(c), R.C.M. 1947.

The order granting modification of the custody decree is reversed. The case is remanded to the district court for a new hearing in compliance with this opinion.

_____
Justice

- 5 -

We Concur:

_____
Chief Justice

_____
Frank I. Haswell

_____
Gene B. Daly

_____
Daniel J. Shea
Justices.