No. 13720

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

ERNEST F. GIANOTTI,

      Plaintiff and Appellant,

  -vs-

ALICE L. McCRACKEN, formerly
ALICE L. GIANOTTI,

      Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
           Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        John M. McCarvel argued, Great Falls, Montana

    For Respondent:

        Church, Harris, Johnson and Williams, Great Falls, Montana
        Douglas Allen argued, Great Falls, Montana

---

Submitted: September 16, 1977

Decided: SEP

Filed: SEP

Thomas J. Kearney
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the father of two minor children from an order of the district court, Chouteau County, modifying the decree of divorce between the father and mother as to custody of the children and the amount of child support payments.

The marriage of Ernest F. Gianotti and Alice L. McCracken (formerly Alice L. Gianotti), was terminated by a decree of divorce dated May 30, 1974, and approved and incorporated a "SEPARATION AGREEMENT" between them. The agreement provided custody of the two minor children to be split equally between the parties on a rotating six month per year basis. It further provided Ernest F. Gianotti pay child support to Alice L. McCracken in the amount of $100 per month per child.

The instant case arises essentially upon the petition of Alice McCracken for modification of the divorce decree, as to custody of the children and the amount of monthly support payments.

A full evidentiary hearing was held on October 19, 1976. Following submission of proposed findings of fact and conclusions of law by the parties, the district court, Hon. Nat Allen presiding, on December 6, 1976, issued an order modifying the divorce decree, awarding full custody of the children to Alice McCracken and increasing the amount of the monthly child support payments to $150 per month per child. From that order, Ernest F. Gianotti appeals.

The instant action began as one for divorce. A decree of divorce was entered on May 30, 1974, incorporating the terms of a separation agreement between the parties, parents of two minor daughters, ages 14 and 11 respectively at the time of the modification hearing. Under the terms of the separation agreement, each parent was entitled to six months physical custody per year, during which time that parent was to use and occupy the

family residence in Great Falls. During the period of the mother's custody, the father was to pay $100 per month per child to the mother as support for the children. It further provided:

> " * * * In the event that either of the parties shall remarry, the parties shall mutually agree upon a new and separate custody arrangement for the children, if so desired, and in the event the parties are unable to agree upon a proper custody arrangement at that time, then a court having jurisdiction of the parties shall make such a determination upon petition properly noticed and hearing had."

The mother took custody of the children and occupied the family residence beginning June 1, 1976. She remarried on October 1, 1976, becoming Alice L. McCracken. She and her husband immediately made arrangements to purchase a new home and moved in on October 15, 1976, when possession became available. Shortly thereafter, the hearing on her petition for modification of the divorce decree was held.

Testimony revealed each party to be a fit and proper parent. At the close of the hearing, the district judge interviewed the children in chambers, away from the influence of either parent or counsel (no record was taken of this interview as required by statute).

In the court's findings of fact and conclusions of law, dated December 6, 1976, the court specifically found:

> "6. By reason of the foregoing and by reason of the age, attitudes, physical and emotional needs, and present situation of Christine M. Gianotti and Lisa Gianotti, a substantial change of circumstances has occurred which render the former child custody visitation and support provisions of the Decree and Separation Agreement impractical and contrary to the welfare, needs and best interests of these minor children. To transfer custody of the children from their mother to their father or to require them to move each six month period would be detrimental to the welfare of the girls and contrary to their best interests.
>
> " * * *

- 3 -

"7. * * * These girls are at an age where they require the sort of training, guidance and assistance that only a mother can effectively provide; and the Court is satisfied that they will be much happier in the custody of their mother and that their general welfare and best interests require that she be awarded their custody * * *."

The district court then ordered custody be and remain permanently in the mother, subject to full, free and unhampered rights of visitation, and further ordered the amount of monthly child support be increased from $100 to $150 per month per child.

This appeal involves two inquiries: (1) Did the district court abuse its discretion by modifying the provisions of the divorce decree pertaining to custody? (2) Did the district court abuse its discretion by increasing the amount of child support payments?

Appellant father argues the recent remarriage of respondent mother is an insufficient change in circumstances of the children or custodian to warrant modification of the custody provisions of the divorce decree. It is maintained modification upon such grounds, without a finding that the present custodial arrangement "seriously endangers" the welfare of the children, constitutes an abuse of discretion. Appellant further argues it was an abuse of discretion to increase the amount of child support payments because there was a marked failure of proof of circumstances so changed as to mandate such an increase.

Respondent, on the other hand, contends the district court properly awarded custody to her on the basis of the best interests of the children and, in so doing, correctly recognized a significant change in circumstances. In addition, she submits it was well within the discretion of the district court to increase the support payments to reflect a reasonable amount under the circumstances.

There is no question the court had jurisdiction to

- 4 -

hear and make a proper determination, as such power is grounded in the terms of the separation agreement, as adopted by the divorce decree. However, here there was a contract agreed upon at the time of the separation which the court did not fully consider. In any event, it is well settled, in Montana, the court's jurisdiction in matters of custody is of a continuing nature. Foss v. Leifer, ____Mont.____, 550 P.2d 1309, 33 St.Rep. 528 (1976); Libra v. Libra, 154 Mont. 222, 462 P.2d 178 (1969); Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093 (1958).

The relevant law regarding modification of custody decrees is set forth in the Montana Uniform Marriage and Divorce Act, section 48-339, R.C.M. 1947. This section provides in part:

" * * *

"(2) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian appointed pursuant to the prior decree unless:

"(a) the custodian agrees to the modification;

"(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

"(c) the child's present environment endangers seriously his physical, mental, moral or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Appellant urges reversal of the modification order by arguing that none of the above three preconditions to modification were satisfied, therefore, the present custodial arrangement should be maintained.

It is clear no change in custody may ultimately be made unless subsections (a), (b) or (c) of section 48-339(2) are satisfied. Here, we are concerned only with subsection (c).

Recent decisions of this Court mandate strict compliance with the requirements of subsection (c). In re Custody of Dallenger, _____Mont._____, _____P.2d_____, 34 St.Rep. 938 (1977); Holm v. Holm, _____Mont._____, 560 P.2d 905, 34 St.Rep. 118 (1977); Foss v. Leifer, _____Mont._____, 550 P.2d 1309, 33 St.Rep. 528 (1976).

The district court focused on the "welfare" and "best interests" of the children, as the basis for change in custody. Such findings do not satisfy the requirements of section 48-339(2)(c). A change of custody order based thereon cannot be permitted to stand. A finding the present custody arrangement "endangers seriously" the welfare of the children is the threshold to any court ordered change of custody and, as such, is jurisdictional. In In re Custody of Dallenger, supra, this Court stated:

> " * * * the subsections to section 48-339(2) are jurisdictional prerequisites to modification which were placed there to serve the basic policy behind the entire section, the policy of custodial continuity. To allow these crucial issues to be resolved merely by references to the best interests of the children would seriously weaken the statute."
> 34 St.Rep. 941.

Section 48-339(2) makes plain the "best interests" and "change of circumstances" tests are, in the last analysis, primary considerations in proposed custody modifications. However, a district court is powerless to entertain such considerations if it has not found at the outset the child's welfare to be "endangered seriously" by the present custody arrangement. We hold the district court failed to adhere to the proper statutory standards as outlined and, in so doing, abused its discretion.

Further, the district court abused its discretion by increasing child support payments under the circumstances of this case.

Montana's Uniform Marriage and Divorce Act, section 48-330, R.C.M. 1947, requires:

> "(1) * * * the provisions of any decree respecting maintenance or support may be modified by a court only as to installments accruing subsequent to the motion for modification and either:

"(a) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or

"(b) upon written consent of the parties. * * *"

In this case there was no written consent of the parties to increased child support. Moreover in the record, there is a complete absence of facts which pertain to an increased need for child support. The sole evidence introduced on the point was a statement elicited from appellant on cross-examination, that he was presently making less money than at the time of divorce. There was no showing the previously established child support of $100 per child per month is in any manner unconscionable under the present state of facts. The district court made no specific finding of changed circumstances in this regard. There was no finding of an increased need for support, nor an increased ability on the part of appellant to contribute to the support of his children. We reverse that portion of the modification order requiring appellant to pay an increase in child support.

The order modifying the custody and support provisions of the divorce decree is reversed. The cause is remanded for an immediate rehearing. Evidence is to be received and findings made by the district court in accordance with the law.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -