No. 14720

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

WANDA LOUISE MIKKELSON,

Petitioner and Respondent,

-vs-

RICHARD L. MIKKELSON,

Respondent and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C.B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Gary Wilcox, Billings, Montana

For Respondent:

Berger, Anderson, Sinclair & Murphy, Billings,
Montana

---

Submitted on Briefs: Sept. 20, 1979

Decided: NOV 21 1979

Filed: NOV 21 1979

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Thirteenth Judicial District, the Honorable C. B. Sande presiding. The order, dated February 20, 1979, granted Wanda Mikkelson's petition to modify the custody provision of the original decree of dissolution so as to vest legal custody of the minor child of the parties hereto with Wanda Mikkelson, respondent herein, rather than with Richard Mikkelson, appellant herein.

The parties were married on January 12, 1974, and a child, Michelle Lanette, was born on May 11, 1974. In August 1976 respondent filed a petition for dissolution requesting that the marriage of the parties be dissolved and that she be granted custody of the minor child. On June 3, 1977, a decree of dissolution was entered granting legal custody to appellant.

Testimony was contradictory as to why custody of Michelle was granted to appellant. Respondent stated that she consented to granting custody to appellant in exchange for his promise to obtain a hardship discharge from the Navy so that the parties could attempt to resolve their problems, most of which were centered around appellant's absences from home. Appellant denies this and states that respondent agreed to give him custody after he threatened her with a court battle because of her adulterous conduct.

In May 1978 appellant was granted a hardship discharge from the Navy because respondent, who had physical control of Michelle during this time, was involved in a serious automobile accident in April 1978. There was no dispute in the record that, since her birth, Michelle has been in the

-2-

custody of respondent with the exception of the time the parties resided jointly.

Upon his release from the Navy in April 1978, appellant returned to Montana but moved to Indianapolis, Indiana, shortly thereafter where he worked, went to school, and was residing at the time the present conflict arose. On September 16, 1978, appellant came to Roundup, Montana, where respondent was living with Michelle, ostensibly just to visit his daughter. Instead, after taking control of Michelle under the pretense of visiting relatives in Roundup for an hour or so, appellant returned to Indiana with her.

After the above incident, respondent sought counsel and on September 20, 1978, filed a petition to modify the custody provision of the original decree of dissolution, supported by affidavit. On the basis of the petition and affidavit, Judge Sande issued an order dated September 20, 1978, requiring the return of the child to Montana where she was to remain with her mother pending the filing of counteraffidavits and subsequent hearings. Appellant refused to return the child to Montana after being served with the petition and order on September 26, 1978. Proceedings were commenced by respondent in Indiana to enforce Judge Sande's order of September 20, 1978. As a result, appellant was ordered in December 1978 to return Michelle to Montana.

A hearing on the merits was scheduled on January 10, 1979. A petition for a writ of supervisory control was filed with this Court (Cause No. 14635), but the petition was denied without prejudice on January 5, 1979, to allow the District Court to proceed. A hearing was finally held by the District Court on January 23, 1979. Based on the testimony presented at the January 23 hearing, the court,

-3-

on February 20, 1979, granted the relief requested by respondent and transferred legal custody of Michelle to her. It is from the court's order of February 20, 1979, that this appeal is taken.

Two issues are before this Court on appeal:

1. Did the District Court have jurisdiction to hear and modify the custody provision of the original decree of dissolution within two years of the granting thereof?

2. Do the District Court's findings of fact support the conclusions of law and order of the court modifying the custody provision of the original decree of dissolution?

The facts involved herein do not present the ordinary situation found in child custody cases. Here, the "non-custodial" mother has had actual, physical custody of the daughter while the "custodial" father was in the Navy. Even after the father received a hardship discharge from the Navy, ostensibly to care for his daughter, the mother continued to have physical custody until the daughter was taken, without the mother's knowledge or consent, to Indiana by appellant.

Section 40-4-219, MCA, is the specific statutory authority for actions to modify custody awards. It prohibits such actions for two years after entry of a custody award "unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health." Section 40-4-219(1), MCA.

Further, section 40-4-220, MCA, provides:

"A party seeking a temporary custody order or modification of a custody decree shall submit, together with his moving papers, an

-4-

> affidavit setting forth facts supporting the
> requested order or modification and shall give
> notice, together with a copy of his affidavit,
> to other parties to the proceeding, who may
> file opposing affidavits.  The court shall
> deny the motion unless it finds that adequate
> cause for hearing the motion is established
> by the affidavits, in which case it shall set
> a date for hearing on an order to show cause
> why the requested order or modification should
> not be granted."

In this case respondent filed her petition for modification of custody within the prohibited two-year period.  She also filed an affidavit attempting to show that her action fit within the exception to the two-year prohibition.

Appellant argues that the affidavit was insufficient to bring respondent's motion within the exception because the court made no finding that the child's present environment endangers seriously her physical, mental, moral, or emotional health.  Further, appellant contends that the insufficiency of the affidavits deprived the court of jurisdiction.  Finally, appellant contends that the temporary custody order was invalid because he did not receive notice or have a chance to file an opposing affidavit as required by section 40-4-220, MCA.  We disagree.

Here, the District Court issued an order ex parte solely on the basis of respondent's affidavit, directing appellant to return the child to her mother pending the father's filing of affidavits opposing the petition and any subsequent hearings on the petition.  This order was made because the district judge found there was "good cause appearing therefor."  We must assume that the District Court was cognizant of the statutory requirements which had to be met before it could obtain jurisdiction.

Because this order was issued ex parte, on the basis of respondent's affidavit which was sufficient to bring the motion within the exception to the two-year prohibition,

we hold that the court had jurisdiction to hear and modify the custody award. In the future, however, we would suggest that the findings be made clear and direct by the court, rather than requiring reference to supporting affidavits.

Montana statutes concerning modification of custody are specific in their requirements. "Counsel's failure to comply strictly with these statutory requisites, as in the instant case, is invitation to erroneous rulings and determinations prejudicial both to their clients' rights and to the system of justice of which they are guardians." Lehman v. Billman (1978), ___ Mont. ___, 584 P.2d 662, 666, 35 St.Rep. 1396. While the District Court may have acted hastily in granting temporary custody, respondent's affidavit was sufficient on its face to bring the motion within the exception to the two-year prohibition. Further, the District Court did allow appellant ample time to file opposing affidavits before it set the matter for hearing, and appellant was served with respondent's petition and affidavit as well as the order within six days of the filing of the petition. The temporary order by its very nature did not permanently affect the rights of either of the parties.

Finally, appellant argues that the findings of fact fail to sustain the District Court's conclusions of law and order modifying custody.

The relevant law regarding modification of custody decrees is set forth in section 40-4-219(2), MCA. This section provides:

> "(2) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred

in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior decree unless:

"(a) the custodian agrees to the modification;

"(b) the child has been integrated into the family of the petitioner with consent of the custodian; or

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Here, the District Court specifically found that the child's present environment and the actions of the father in removing her from the only environment she had ever known since birth seriously endangered her physical, mental, moral and emotional health. Such a finding is a prerequisite to any court order changing custody under section 40-4-219(2)(c), MCA. Gianotti v. McCracken (1977), ____ Mont. ____, 569 P.2d 929, 931-932, 34 St.Rep. 1087.

The District Court adhered to the proper statutory standards as required, and we find no abuse of discretion.

The judgment of the trial court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-