No. 80-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF

NANCY JANE ROME,

Petitioner and Respondent,

vs.

NELSON ALLEN ROME,

Respondent and Appellant.

Appeal from: District Court of the Third Judicial District,
In and for the County of Powell.
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

William R. Taylor, Deer Lodge, Montana

For Respondent:

Ted L. Mizner, County Attorney, Deer Lodge, Montana
James J. Masar, Deer Lodge, Montana

Submitted on briefs: August 23, 1980

Decided: JAN 12 1981

Filed: JAN 12 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Respondent Nelson Allen Rome appeals from a judgment entered in Powell County arising out of a URESA action, ordering him to pay child support arrearages, and denying a modification of child support payments.

Nancy Jane Rome and Nelson Allen Rome were married in 1968 and a decree of dissolution was entered in Powell County in 1978. The care and custody of the two children born of the marriage was given to Nancy Rome. The parties entered into a written property settlement agreement, which provided, among other things, that Nelson Rome was to pay $150 per month per child in child support.

In December 1979, Nancy Rome petitioned the District Court, Gallatin County, for enforcement of the support provisions of the dissolution decree. The action was transferred to Powell County and was consolidated with an action initiated by Nelson Rome to modify support payments to $100 per month per child, because of changed circumstances. The district judge denied the petition for modification, finding that Nelson Rome voluntarily entered into circumstances reducing his ability to pay, and that the change in circumstances was insufficient to warrant the reduction. He also ordered Nelson Rome to pay arrearages of $1100.

Nelson appeals, bringing one issue before this Court:

Did the District Court err in refusing to reduce child support payments where appellant alleged changes in his financial condition, brought about by a voluntary change in employment and by his remarriage?

Section 40-4-208, MCA, sets out the circumstances in which a modification of a support order may be entered:

> "Modification and termination of provisions for maintenance, support, and property disposition. (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification.
>
> " . . .

"(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

"(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . ."

The district judge in his findings and conclusions determined that

" . . . the Respondent has changed his employment from the hardware business in which he has previously been employed to field employment in the logging industry, which he finds less financially remunerative, and for these reasons seeks a reduction in the amount of maintenance and support for his minor children.

" . . .

"Wherefore, it is concluded that the changes in circumstances relied upon by the Respondent herein have been unilaterally made and he has voluntarily assumed the obligations of a second family.

"That the changed circumstances are insufficient to warrant a change in the amount of support necessary for the minor children, issue of the marriage, and the Petition is denied."

Child support must reflect a balance among the needs of the parties involved and the ability of the parents to pay. Section 40-4-204, MCA. Normally, a substantial change in the financial condition of the parent or child has been recognized as grounds for modification of a previously-entered child support order. Gianotti v. McCracken (1977), 174 Mont. 209, 215, 569 P.2d 929, 932; Harding v. Harding (1978), 59 Ill.App.3d 25, 374 N.E.2d 1304; Annot., 89 ALR2d 7, §3.

Appellant here alleges substantial changes, but he admits that he voluntarily brought about the conditions which worsened his financial situation. Many jurisdictions hold that if a parent voluntarily changes his/her financial circumstances, such changes are not sufficient to deem the previous child support order unconscionable, and therefore should not even be considered. Miller v. Miller (1978), 65 Ill.App.3d 844, 382 N.E.2d 823, 826; Lambert v. Lambert (1965), 66 Wash.2d 503, 403 P.2d 664, 668; Burnett v. Burnett (1974), ____Ky.____, 516 S.W.2d 330, 332;

- 3 -

Annots. 89 ALR.2d 7, §19; 89 ALR.2d 106 §3.

This is an issue of first impression in Montana. A consideration of differing authorities has convinced this Court that such an inflexible approach is too harsh. Although we hold that a reduction in ability to pay brought about through a voluntary change in circumstances is not, in itself, sufficient to mandate a modification of support, neither do we approve the view that self-imposed changes can never be considered as reasons for modification. The better approach is to allow the judge to consider the nature of the changes and the reasons for the changes, and then to determine whether, under all the circumstances, a modification is warranted. See Nelson v. Nelson (1960), 225 Or. 257, 357 P.2d 536.

The findings of the district judge in this case indicate that he considered the voluntary nature of Nelson's job change and remarriage, and, upon consideration of all the circumstances, he determined that Nelson did not show that these changes substantially altered his ability to pay. Evidence was presented at trial as to the respective incomes and needs of the parties and the judge made findings reflecting the circumstances of all of the parties, including the children. See Gianotti, supra, 174 Mont. at 215, 569 P.2d at 932; Kronovich v. Kronovich (1978), ____ Mont.____, 588 P.2d 510, 513-514, 35 St.Rep. 1946, 1951.

Based on his findings, the district judge concluded that the change in circumstances shown by Nelson Rome was not substantial and continuing enough to render the prior support order unconscionable. We presume that the findings of the district judge are correct and we will not overturn them unless there is a preponderance of the evidence against them. Rule 52(a), M.R.Civ.P.; Cameron v. Cameron (1978), ____Mont.____, 587 P.2d 939, 945, 35 St.Rep. 1723, 1729. Here, we find substantial evidence to support the court's findings and conclusions.

Affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_

Justices