No. 85-13

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE CUSTODY OF

EDWARD C. DUMONT.

_____

APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable Douglas Harkin, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            K. M. Bridenstine, Polson, Montana


        For Respondent:

            Manley & Smith; James A. Manley, Polson, Montana

                                    _____

                                    Submitted on Briefs:   March 21, 1985

                                                Decided:   May 13, 1985


Filed:   MAY 13 1985


                    *Ethel M. Harrison*
        _____
                        Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The mother, Colleen M. Allison, formerly Colleen M. DuMont, appeals from a child custody modification order. She was the custodial parent of Edward Charles DuMont, her natural son from marriage to the father, Edward DuMont. The father had petitioned for modification. The District Court concluded that there was good and sufficient basis to modify the custody awarded in the original dissolution decree issued when the parties' marriage was dissolved.

We affirm.

The mother and the father were married in Charlo, Montana, in 1977. The mother had one daughter prior to this marriage. One child, a son, Edward Charles DuMont, was born of this marriage. This marriage was dissolved in 1979. The mother was awarded custody of Edward Charles, then a year old.

In 1980 the mother married Allison and had two more children of this marriage. Allison is an oil field worker whose employment requires that he and his family move to different locations.

The father married again in 1981. He has remained in the Charlo, Montana area. His second marriage also produced two more children.

In 1983 the father sought modification of the custody award contained in the 1979 dissolution decree. At trial on the matter the District Court found that the child, Edward Charles, now age seven, had been moved to seven different locations in the five years since dissolution. The court found that the family had often lived in crowded and

- 2 -

substandard housing conditions without adequate health care. At times Edward Charles was not furnished a bed to sleep in and was singled out from his siblings for harsh, repeated, inappropriate, and excessive physical discipline. He exhibited signs of abuse by, and fear of, his stepfather. He desired to live with his natural father. The District Court found that the natural father had superior child raising and discipline practices and stability and security over that which Edward Charles DuMont had been subject to under custody of the mother. The District Court found that the mother was neither a credible nor candid witness.

Three issues are presented for review:

(1) Whether there was sufficient evidence of serious endangerment of a child to meet the jurisdictional requirement of § 40-4-219(1)(c), MCA.

(2) Whether sufficient evidence supports the District Court's findings, conclusions, and order modifying custody and interrupting the continuity of custody pursuant to § 40-4-219(1)(c), MCA.

(3) Whether the father met the required burden of proof to support his contention that the advantage of modification outweighed custodial continuity pursuant to § 40-4-219(1)(c), MCA.

The first issue is whether there was sufficient evidence of serious endangerment of a child to meet the jurisdictional requirements in a custody modification. We hold that the requirement was properly met.

We note at the outset that a District Court's jurisdiction in matters of custody is continuing in nature. Gianotti v. McCracken (1977), 174 Mont. 209, 213, 569 P.2d 929, 931. The jurisdictional requirement in issue here is

one concerning what has been denominated a jurisdictional prerequisite. In In re the Custody of Dallenger (1977), 173 Mont. 530, 568 P.2d 169, this Court held that the subsections in § 48-339(2), R.C.M. (1947), which are now contained in the subsections in § 40-4-219(1), MCA, are jurisdictional prerequisites to modification which were placed there to serve the basic policy behind the entire section, the policy of custodial continuity. Dallenger, 568 P.2d at 172. The jurisdictional prerequisite in issue here is contained in § 40-4-219(1)(c), MCA:

> "Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> " . . .
>
> "(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; . . ."

For the District Court to have jurisdiction to modify a custody decree in a case where what is now § 40-4-219(1)(c), MCA, is applicable there must be a finding of danger to the physical, mental, moral, or emotional health of the child in the present environment and a finding that the harm likely to be caused by such a change is outweighed by its advantages to the child. Dallenger, 568 P.2d at 171. Only the first part of § 40-4-219(1)(c), MCA, serious endangerment, is presented for review in the first issue.

The District Court may not modify custody on considerations of best interest and change in circumstances if it has not found at the outset that the child's welfare is

- 4 -

seriously endangered by the present custody arrangement. In re the Marriage of Sarsfield (Mont. 1983), 671 P.2d 595, 599, 40 St.Rep. 1736, 1739. A potential for or a probability of serious harm is sufficient to satisfy this jurisdictional prerequisite, that is, this Court will not interpret the provisions of the modification statute so narrowly as to prevent trial courts from assuming jurisdiction over modification petitions where substantial, credible evidence of potential danger is presented by a petitioner during the case-in-chief. Sarsfield, 671 P.2d at 602.

We hold that this jurisdictional prerequisite requirement was properly met. There is sufficient evidence of serious endangerment to this child to meet the jurisdictional requirement. The District Court's finding that Edward Charles was subjected to harsh, repeated, inappropriate, and excessive physical discipline and exhibited signs of abuse and fear of his stepfather is enough to satisfy the required serious endangerment. We hold that Edward Charles's welfare was endangered seriously within the meaning of § 40-4-219(1)(c), MCA.

The second issue is whether sufficient evidence supports the District Court's findings, conclusions, and order modifying custody and interrupting the continuity of custody. We hold that there is sufficient evidence.

After the threshold jurisdictional test is met, that is, after the jurisdictional prerequisites are satisfied, it is followed by the substantive test. Reinoehl v. Perry (Mont. 1984), 691 P.2d 1384, 1386, 41 St.Rep. 2269, 2271. The substantive test is met when there is a change of circumstances significant enough in relation to the best interests of the child that those interests are no longer

served by the decree in force. R.L.S. v. Barkhoff (Mont. 1983), 674 P.2d 1082, 1087, 40 St.Rep. 1982, 1986. The best interests of a child in a modification proceeding are judged by the criteria in § 40-4-212, MCA. R.L.S., 674 P.2d at 1087. Section 40-4-212, MCA, reads:

> "Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> "(1)  the wishes of the child's parent or parents as to his custody;
>
> "(2)  the wishes of the child as to his custodian;
>
> "(3)  the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> "(4)  the child's adjustment to his home, school, and community; and
>
> "(5)  the mental and physical health of all individuals involved."

We hold that there was a change of circumstances significant enough in relation to the best interests of Edward Charles that it was in his best interests that the original custody provision be modified. After the original decree was entered the mother remarried. This marriage resulted in an itinerant lifestyle with crowded and substandard housing conditions. It resulted in Edward Charles being subject to abuse and fear. This is ample evidence of changed circumstances.

The conclusion that it was in the best interests of Edward Charles to modify the original decree is further supported by the finding that the child desired to live with the natural father. Furthermore, the disciplinary problems that the District Court found that Edward Charles exhibited and the abuse that he received demonstrate that his

interrelationship with his mother and stepfather was not in the child's best interest. We hold that there was sufficient evidence to support the District Court's findings, conclusions, and orders modifying custody.

The final issue is whether the father met the required burden of proof to support his contention that the advantage of modification outweighed custodial continuity. We hold that the burden of proof was met.

The party seeking modification of custody has a heavy burden to prove that modification of a decree is necessary to serve the best interests of the child. Reinoehl v. Perry (Mont. 1984), 691 P.2d 1384, 1386, 41 St.Rep. 2269, 2271. This burden is met, however, if the threshold test and the substantive test for modification are satisfied. Here we have already determined that sufficient evidence supported the District Court's findings and conclusions. The only remaining element that is involved in a custody modification that has relevance to this issue and has not been already addressed is the second jurisdictional prerequisite contained in § 40-4-219(1)(c), MCA, that part being that the District Court must find that the harm likely to be caused by such a change is outweighed by its advantages to the child. See, In re the Custody of Dallenger (1977), 173 Mont. 530, 533-534, 568 P.2d 169, 171.

We hold that the father met the required burden of proof to support his contention that the advantage of modification outweighed custodial continuity. We find that any harm likely to be caused by the modification was outweighed by the advantages of modification. The custody arrangement provided in the original decree was detrimental. The District Court found that there was abuse, fear, substandard housing, and

inadequate health care. The District Court found that the father had superior child raising and discipline practices and stability and security over that which Edward Charles DuMont had been subject to. These findings are supported by substantial evidence.

Affirmed.

_____
                                    Justice

We Concur:

_____

_____

_____

_____
          Justices