No. 14691

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MARRIAGE OF

LAURA SCHULTZ,

                    Petitioner and Respondent,

        -vs-

JOHNNIE SCHULTZ,

                    Respondent and Appellant.

_____

Appeal from:   District Court of the Thirteenth Judicial District,
               Honorable C. B. Sande, Judge presiding.

Counsel of Record:

    For Appellant:

        Mouat and Martinson, Billings, Montana
        Craig D. Martinson argued, Billings, Montana

    For Respondent:

        Ralph Herriott argued, Billings, Montana

_____

                              Submitted:  September 17, 1979

                              Decided:  NOV 13 1979

Filed: NOV 13 1979


_____
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Incidental to a decree of marital dissolution, the Yellowstone County District Court awarded custody of three minor children to their mother. The decree recited that both parents were fit and proper persons to be granted custody but that the best interests of the children dictated maternal custody.

Approximately a year and a half after the decree, the mother was seriously injured in an automobile accident and confined to a hospital. The children were cared for by a maternal aunt and grandmother. Some five weeks after the accident, the mother died.

Following her death, the father requested custody of the children from the grandmother and aunt. The request was denied, and the father filed a motion for an order to show cause why he should not be allowed immediate custody. Hours later, the maternal aunt and her husband filed a petition for appointment as guardians of the children. The District Court, by ex parte order, appointed the aunt and uncle temporary guardians and set a date for hearing the petition. The father then petitioned for a writ of habeas corpus, requesting immediate custody of the children. The guardianship and habeas corpus petitions were consolidated by stipulation and the matter was heard by the Yellowstone County District Court, the Honorable C. B. Sande presiding without a jury. The hearing was termed "a full hearing . . . on the matter of custody and as to whether or not the minor children had been abused and are dependent and neglected."

The District Court found that the children were dependent and neglected and concluded their best interests would

be served by granting custody to the aunt and uncle. The court entered an order to that effect, and the father appeals.

We hold the District Court was without jurisdiction to act as it did. Accordingly, its order is vacated.

Section 40-6-221, MCA, provides:

". . . If either parent be dead or unable or refuses to take the custody or has abandoned his or her family, the other is entitled to the custody, services, and earnings of the child."

Under this section, the father automatically assumed the right to custody of the children at the moment of the mother's death. In Henderson v. Henderson (1977), ___ Mont. ____, 568 P.2d 177, 179, 34 St.Rep. 942, 944, this Court attributed great weight to the parental right of custody and equated it with actual physical custody. We do not depart from the rule in this decision.

In Henderson we stated: "If a nonparent (a grandparent or an aunt or an uncle, perhaps) wants to acquire custody, he must commence proceedings under . . . the typical Juvenile Court Act." 568 P.2d at 181, 34 St.Rep. at 947, quoting Comment, 9 Uniform Laws Annotated, Marriage and Divorce Act, §401, p. 504. In Matter of Guardianship of Doney (1977), ____ Mont. ____, 570 P.2d 575, 577, 34 St.Rep. 1107, 1109-1110, we held:

"A judicial hearing and finding of dependency and neglect under [Title 41, Chapter 3, MCA], or judicial finding of willful abandonment or willful nonsupport under section [40-8-111, MCA], are the exclusive means by which a natural parent may be involuntarily deprived of custody of his children. In the absence of such showing, the natural parent is legally entitled to the custody of his minor children. Section [40-6-221, MCA]."

The reasoning in Doney merits repeating:

"Where a child has allegedly been abused or neglected by his natural parent, the state has a clear duty to protect the child by

-3-

> means of a judicial hearing to determine whe-
> ther the youth is in fact abused or neglected.
> There are, however, few invasions by the state
> into the privacy of the individual that are
> more extreme than that of depriving a natural
> parent of the custody of his children. For
> this reason, the legislature carefully enun-
> ciated the procedures the state must follow
> and the findings which the court must make
> before custody of a child may legally be taken
> from a natural parent." 570 P.2d at 577, 34
> St.Rep. at 1109.

Unless the statute is followed, the court is without juris-
diction to remove custody. In Matter of Guardianship of
Aschenbrenner (1979), ____ Mont. _____, 597 P.2d 1156, 1163-
1164, 36 St.Rep. 1282, 1290-1291. The procedures must be
rigorously followed. In re Guardianship of Evans (1978),
____ Mont. _____, 587 P.2d 372, 376, 35 St.Rep. 1768, 1773.

No argument can be made that the jurisdictional pre-
requisites were complied with. The county attorney did not,
as required by section 41-3-401(1), MCA, file the petition.
The petition did not allege abuse, neglect or dependency.
Sections 41-3-401(1) and 41-3-401(9)(a), MCA. The natural
father of the children who had legal custody (as discussed
above) was not personally served with a copy of the petition.
Section 41-3-401(4), MCA. The Department of Social and Re-
habilitation Services was not "cited" to the case. Section
41-3-401(8), MCA. The order of the court, entered in the
absence of jurisdiction, is void. State v. District Court
(1926), 75 Mont. 147, 242 P. 959.

In view of the fact the District Court found that the
children were abused and neglected, we hereby request the
Yellowstone County attorney's office to consider an action
under the Dependency, Neglect, and Abuse statute. Title 41,
Section 3, Montana Code Annotated. Until further order of
the District Court, the children are to remain with their
aunt and uncle.

_____
Justice

-4-

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices