No. 80-33

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN RE THE MARRIAGE OF

ELIZABETH PEARL VIVIAN,

Petitioner and Respondent,

vs.

ROBERT WILBER VIVIAN,

Respondent and Appellant.

---

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow.
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

McCaffery and Peterson, Butte, Montana

For Respondent:

Joseph Engel, III, Butte, Montana

---

Submitted on briefs: April 25, 1980

Decided: JUL 2 - 1980

Filed: JUL 2 - 1980

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The issue in this case is whether the District Court, County of Silver Bow, abused its discretion in ordering appellant to pay his former wife $200 per month maintenance pursuant to a decree of dissolution of marriage.

The marriage of Robert Wilber Vivian and Elizabeth Pearl Vivian was dissolved in 1977 by a decree of the District Court. Wife appealed from the District Court's distribution of marital property and award of maintenance, and this Court reversed and remanded for a new trial. Vivian v. Vivian (1978), ____ Mont. ____, 583 P.2d 1072, 35 St.Rep. 1359. In our prior opinion, we held that the District Court had failed to determine the net worth of the parties and make specific findings to support the distribution of marital assets; had erred in deducting the husband's inheritance from the value of the home prior to dividing the marital property; and that because the distribution was reversed, the award of maintenance would also have to be reversed because "[t]he rule is that the needs of the spouse as to maintenance and the reasonableness of such an award can only be properly determined after there has been an equitable division of the marital estate." Vivian v. Vivian, supra, 583 P.2d at 1075, 35 St.Rep. at 1362.

After a new trial following remand, the District Court entered findings of fact and conclusions of law on June 26, 1979. The husband challenged these findings and conclusions and additional hearings were held on August 8, 1979 and on August 30, 1979. The District Court issued its final amended findings of fact and conclusions of law, together with an accompanying memorandum on September 7, 1979, and the amended judgment and decree was filed on October 23, 1979.

The District Court ultimately found the net worth of the parties to be $47,500.55 at the time of the divorce and determined that the wife owed medical bills of $1,025.70 and further indebtedness of $5,000 plus interest on a bank loan. The marital property was divided equally, based on the wife's contribution as a homemaker for nearly thirty years, with each party to receive $23,750. The husband was ordered to pay the wife $200 per month maintenance. Husband was given the option of satisfying the wife's share of the marital estate by payment of a lump sum of $23,750 or by paying $8,509.73 cash and the balance of $15,240 over ten years at $184.90 per month, which includes 8 percent annual interest on the balance due.

The pertinent findings of the District Court are:

"III   That Petitioner, Elizabeth Pearl Vivian is now 59 years old and has no formal training for any type of employment outside the home.

"IV   That Petitioner has recently undergone major surgery and is convalescing therefrom; that prior to her surgery she was in extremely poor health, suffering from diabetes and high blood pressure and was mentally and physically incapable of working. That Petitioner still suffers from hypertension, weakness and diabetes and she is still under a Doctor's care for hypertension and diabetes.

". . .

"VII   That the Respondent, Robert Vivian is an able-bodied man, age 57, employed by the Montana Power Company in Butte and earns a gross income of $1,740.00 per month.

"VIII That the only source of income Petitioner now has is the temporary support which the Montana Supreme Court ordered Respondent to pay in the sum of $200.00 per month and that it was established during the hearing that this was inadequate to meet her modest needs and support.

". . .

-3-

"XII That when Petitioner has paid [her debts] she will have remaining about $17,724.30 from the marital assets allocated to her hereunder. The Court finds that said sum is insufficient to provide for ordinary and reasonable needs, the Petitioner being unable to support herself by employment in any of the ways suggested by Respondent, or at all.

"That in consideration of all of the facts in this case the Court finds it fair, equitable and just that Respondent pay maintenance for Petitioner in the amount of $200.00 per month until the further order of this Court, said payments to commence the 15th day of the month succeeding the date of the entry of the amended judgment in this action."

The wife's needs and the District Court's reasoning for awarding her maintenance are further detailed in the District Court's memoranda filed August 20, 1979 and September 7, 1979. On appeal, the husband urges that the District Court abused its discretion in awarding his former wife $200 per month in maintenance. He contends that the District Court abused its discretion by failing to consider the elements of a maintenance award and by failing to adopt findings of fact regarding the ability of the husband to pay, the ability of the wife to work, and the wife's needs after receiving her half of the marital estate. Respondent wife challenges the District Court's finding as to her indebtedness, arguing that the court erred in failing to find that she owes $5,000 in attorney fees and in reducing her maintenance from the original award of $250 per month to $200 per month. We find these contentions to be without substance.

The prerequisites for a maintenance award are set forth in section 40-4-203, MCA:

"Maintenance. (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant

-4-

a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

"(a) lacks sufficient property to provide for his reasonable needs; and

"(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

"(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

"(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

"(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

"(c) the standard of living established during the marriage;

"(d) the duration of the marriage;

"(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

"(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

An affirmative showing must be made as a precondition to the award of maintenance. Schultz v. Schultz (1979), ____ Mont. ___, 597 P.2d 1174, 1177, 36 St.Rep. 1330, 1333.

Contrary to appellant's contentions, the District Court in this case made appropriate findings under section 40-4-203(1), MCA, that the wife (a) lacks sufficient property to provide for her reasonable needs, even after the property distribution, and (b) is unable to support herself through appropriate employment. Thus, the District Court did not abuse its discretion. These findings are supported by

-5-

substantial credible evidence, and the wife sustained her burden of making an affirmative showing. The facts show that the wife is 59 years old, has not been employed other than as a homemaker for the past thirty years and has no training for any employment, is in extremely poor health, has no outside income, is over $6,000 in debt, and that the State of Montana has paid $8,200 of her outstanding medical bills.

Furthermore, as evidenced by its findings and memoranda, the District Court properly assessed all of the relevant facts in determining the amount and duration of the maintenance award, including the considerations listed in section 40-4-203(2), MCA, having made specific findings as to those facts. Regarding the issue of the husband's ability to pay, the District Court specifically found, "[t]hat the Respondent, Robert Vivian is an able-bodied man, age 57, employed by the Montana Power Company in Butte and earns a gross income of $1,740.00 per month." The court did not commit any error by failing to include a specific finding that his net take-home pay was $1,159.87 per month or that his alleged monthly expenses total $1,090.89 per month.

Likewise, while it is true that the District Court did not go so far as to draw up a monthly budget of the wife's reasonable needs after receiving her half of the marital estate, to do so was unnecessary in view of the amount of the property award, the wife's debts, her nonexistent earning capacity, her poor health, her age, and her lack of outside income or additional assets. Appellant's contention that the wife should be able to rely on the amortized property distribution payments of $184.90 per month as her sole source of income is ludicrous. That such an amount is insufficient to meet her needs is supported by the wife's testimony that she could not live on $200 per month and by

the District Court's observations in its memoranda.  In addition, the wife testified to several items of support, those being her $50 per month rent at government assisted housing, her expenses for medication, and the cost of food, as well as her need for clothing, furnishings, eyeglasses and dental work.  In summary, it can be said that the District Court adequately considered the wife's reasonable needs.

The judgment of the District Court is affirmed with costs of this appeal assessed against appellant.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices