No. 85-230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF:
B.T., B.T., M.T. & M.T.,
Youths in Need of Care.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nancy M. Belcheff, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Asst. Attorney General, Helena
Patrick L. Paul, County Attorney, Great Falls, Montana

_____

Submitted on Briefs: July 17, 1986

Decided: September 18, 1986

Filed: SEP _ _ 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from the order of the District Court modifying the custody of appellant's four minor children. We affirm the District Court.

Appellant and his ex-wife are the parents of four children, two boys and two girls ages 9 to 14 years. The appellant and his ex-wife were divorced in October, 1981, and appellant was awarded custody of the children. The mother of the children was not represented by counsel at the divorce and did not ask for custody at that time since she was uncertain of her plans and ability to support the children.

In August, 1982, the two daughters were removed from their father's custody by court order following allegations of sexual abuse by him against the girls. The girls were temporarily placed in the custody of Social and Rehabilitation Services (SRS), and later placed with their mother. The two boys remained in their father's custody until the District Court's final order modifying the custody of all four children from their father to their mother in December, 1984.

From the record below, it appears that two separate actions were merged into one proceeding. Initially, Cascade County and SRS had petitioned for temporary investigative authority and temporary custody of the two girls, and the mother had instigated proceedings to modify the 1981 custody decree as to all four children. During the March 16, 1983 hearing, a motion was granted to appoint an attorney for all four children in conjunction with the custody modification. At the May 14, 1984 hearing, from which the trial court's

- 2 -

final order was issued, the court was prepared to review its previous temporary custody orders, to receive psychological evaluations of the parties, and to review the mother's petition for change of custody of the four children.

The District Court found that circumstances had arisen since the prior divorce decree which were unknown to the court at that time indicating that the children's continued residence with their father seriously endangered their physical, mental, moral or emotional health. The court based its finding on two psychologists' testimony that the boys had observed their father tickling their sisters between the legs, and that the boys were at a high risk to begin acting out sexually. The court also found it to be in the children's best interests to reside together in one home. Appellant was ordered to pay the children's mother $100 per month per child as child support and to turn over the children's clothes and personal belongings. His visitation of the children was to be supervised by SRS.

The appellant contends his parental rights were improperly terminated under §§ 41-3-401 and 402, MCA. Those sections govern the procedure for abuse, neglect, and dependency proceedings. However, the District Court proceeded under the statute governing custody modification, § 40-4-219, MCA, and never conducted an abuse and neglect dispositional hearing or terminated appellant's parental rights. The court opened the May 14 hearing under the caption of the divorce cause. The court's conclusion that the children were "youths in need of care" was mooted by its order for custody modification. The statutory procedure for terminating parental rights is specific and exclusive, and must be strictly followed. In the Matter of Aschenbrenner

(1979), 182 Mont. 540, 553, 597 P.2d 1156, 1164; In re Marriage of Schultz (1979), 184 Mont. 245, 247, 602 P.2d 595, 596. The District Court did not follow the statutory scheme for abuse and neglect since it did not reach the issue of terminating appellant's parental rights.

The District Court's jurisdiction over matters of child custody is of a continuing nature. In re Custody of Dumont, (Mont. 1985), 700 P.2d 167, 169, 42 St.Rep. 687, 689; Gianotti v. McCracken (1977), 174 Mont. 209, 213, 569 P.2d 929, 931; Foss v. Leifer (1976), 170 Mont. 97, 100, 550 P.2d 1309, 1311. To establish its jurisdiction in a custody proceeding, the court must find the elements of § 40-4-219, MCA, present:

> Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
>
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; . . .

In this instance, the District Court discovered the allegations of sexual abuse one year after the divorce decree was entered. The evidence of sexual abuse from statements made by the children, and the risk of the appellant's sexually abusive behavior continuing or escalating were a sufficient change of circumstances to give the court jurisdiction in the matter.

The findings and conclusions of the court will not be disturbed if supported by substantial, credible evidence. In

Re Marriage of Sarsfield (Mont. 1983), 671 P.2d 595, 599, 40 St.Rep. 1736, 1739. Testimony of both the mental health nurse and the psychiatrist who talked to the children indicated that the two girls had been touched by their father in the vaginal area. One of the boys told the psychologist that a man had touched him between the legs, but the boy would not say who. Appellant admitted to tickling his daughters but did not see anything wrong with tickling them on any part of their bodies. A psychological evaluation of appellant by an expert in the field of sex offenders found him to be a pedophile and very rigid in his thinking--a person who projected blame for his problems onto others. The court found this evidence, plus the evidence that the boys had observed their father's sexual abuse of their sisters, constituted serious endangerment which required a change of custody from father to mother.

Appellant agrees that the statutes grant the District Court the ability to make a determination of abuse and neglect as to all children in a family based upon the policy that abuse of one child may have a detrimental effect on the other children's development. In the Matter of T.Y.K. (1979), 183 Mont. 91, 95-96, 598 P.2d 593, 596. Here, the District Court found substantial, credible evidence that appellant's behavior was detrimental not only to his daughters, but also to his sons in that they also were at a high risk to begin acting out sexually. This potential for the boys' actions, and the probability of continued sexual abuse of the girls by appellant was sufficient substantial, credible evidence to support the trial court's modification of the custody degree. In Re Marriage of Sarsfield (Mont. 1983), 671 P.2d 595, 602, 40 St.Rep. 1736, 1743.

Lastly, appellant contends his right to counsel was denied by the failure of the District Court to appoint replacement counsel immediately once appellant's first attorney withdrew from the case. Appellant argues the District Court should have informed him of his right to appointed counsel and should have declared a recess until he had secured appointed counsel.

Appellant's argument is without merit. The record indicates that the District Court questioned appellant on his wish to proceed pro se after his counsel withdrew at the March 16, 1983 hearing. The court informed him of the problem with proceeding on his own insofar as he could not cross-examine two little girls who might testify in chambers, since his presence would hinder the children's testimony. The court informed him that if the children testified in chambers out of his presence, he would be provided with a transcript of the testimony. Appellant agreed to this arrangement.

At the end of the hearing, the court again advised appellant to seek counsel since he could lose his parental rights if SRS pressed its abuse and neglect claim. The court then furnished him with the name of an attorney to contact for legal aid. New counsel was appointed for him within one week.

Appellant also argues that he was not able to properly cross-examine two witnesses, Irene Johnson, a social worker, and his ex-wife. However, both witnesses were cross-examined on two other occasions by appellant's attorneys. Ms. Johnson was cross-examined in December, 1982, and May, 1984; his ex-wife was cross-examined twice in May, 1984. At both times the cross-examination was conducted by appellant's attorney.

- 6 -

Finally, the two girls did not testify at the March 16, 1983 hearing. They did not testify until March 25, 1983, at which time appellant's new counsel was present to cross-examine them. For the above reasons, we find that the District Court did not err in failing to appoint counsel for appellant at the March 16 hearing, or in not declaring a recess.

Based on the foregoing evidence, we find the record contains substantial credible evidence to support the findings and order of the trial court and, therefore, the order modifying the custody of the children is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 7 -