No. 97-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 94

DALE A. SMITH,

Petitioner and Appellant,

v.

STATE OF MONTANA, DRIVER'S
IMPROVEMENT BUREAU,

Respondent and Respondent.

APPEAL FROM:   District Court of the Eighteenth Judicial,
In and for the County of Gallatin,
Honorable Michael A. Salvagni, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew P. Robinson, Bozeman, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Micheal
Wellenstein,
Assistant Attorney General, Helena, Montana

Susan Wordal, City Attorney, Bozeman, Montana

Submitted on Briefs: February 18, 1998

Decided: April 30, 1998

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1     Dale A. Smith was stopped on suspicion of driving under the influence of alcohol (DUI) on December 14, 1996.  When he refused to submit to a preliminary alcohol screening test (PAST), his Montana driver's license was suspended pursuant to § 61-8-409, MCA (1995).  The Eighteenth Judicial District Court, Gallatin County, upheld the suspension of Smith's license.  Smith appeals.

¶2     The issue is whether a conflict exists among Montana's implied consent statutes rendering them unconstitutionally vague.  In his appellate brief, Smith also argues that the District Court erred in concluding that he was properly advised of the consequences of his refusal to take the PAST.  Because Smith did not argue this issue before the District Court, we will not review it on appeal.  See State v. Woods (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97.

¶3     Two City of Bozeman, Montana, police officers observed Smith's vehicle being driven on a city street without headlights at 1:15 a.m. on December 14, 1996.  The officers made a traffic stop, advising Smith, the driver, of the reason.  They detected a strong odor of an alcoholic beverage on Smith's breath.  Smith admitted that he had been drinking, and he did not do well on field sobriety maneuvers.

¶4     One of the officers read Smith a warning card which stated:
     Your physical test results indicate to me that your ability to
     operate a motor vehicle safely may have been impaired by the
     alcohol that you have consumed.

     Under Montana Law, I have the right to ask you to take a
     preliminary breath test to estimate your alcohol concentration
     level.

     You may refuse to take this test.  However, if you do, your
     driver's license will be suspended for six months.  If you have
     refused to take a similar test in the past 5 years, your driver's
     license will be revoked for one year.

     I will use the results of this test and the other physical tests to
     help me decide whether or not you should be arrested for
     driving (or being in actual physical control of a motor vehicle)
     while under the influence of alcohol (or drugs).

     Will you take a preliminary breath test?

Smith refused to submit to the PAST.

¶5     Smith was arrested and transported to the Gallatin County Detention

Center, where he was read the Montana Implied Consent Advisory form and agreed to take the breath test. The result showed a blood alcohol concentration of .158 percent. Smith was then informed that his license was suspended as a result of his refusal to provide a sample for the PAST. He began to argue that he had not been advised, whereupon one of the officers retrieved the advisory card and showed it to him. Smith then acknowledged that the information had been read to him and asked, "Why didn't you slap me and make me listen to you?"

¶6    Smith petitioned the District Court for review of his license suspension on grounds that the past statute, § 61-8-409, MCA (1995), and the implied consent statute, § 61-8-403, MCA (1995), are vague because they are irreconcilable when read together and therefore void. After a hearing, the District Court ruled that § 61-8-409, MCA (1995), is clear and does not conflict with § 61-8-403, MCA (1995). The court ordered Smith's driver's license suspended for six months from the date of original seizure, excluding the time in which the license was restored pending the appeal of the suspension. Smith's driving privileges have been reinstated throughout these proceedings.

## Discussion

¶7    Does a conflict among Montana's implied consent statutes render them unconstitutionally vague?

¶8    As Smith points out, Montana's "traditional" implied consent law is invoked only after a motorist has been arrested for DUI. See § 61-8-402, MCA (1995). The 1995 Montana Legislature enacted an additional implied consent law providing for the use of pre-arrest PASTs for persons suspected of driving under the influence. This law, codified at § 61-8-409, MCA (1995), requires motorists, upon particularized suspicion, to submit to a portable breath testing device which, if refused, mandates suspension or revocation of the person's driver's license just as is provided for a post-arrest breath test refusal.

¶9    Section 61-8-409, MCA (1995), provides:
    Preliminary alcohol screening test. (1) A person who operates
    or is in actual physical control of a vehicle upon ways of this
    state open to the public is considered to have given consent to
    a preliminary alcohol screening test of the person's breath, for
    the purpose of estimating the person's alcohol concentration,
    upon the request of a peace officer who has a particularized
    suspicion that the person was driving or in actual physical
    control of a vehicle upon ways of this state open to the public
    while under the influence of alcohol or in violation of 61-8-410.
        (2)   The results of a screening test may be used for
    determining whether probable cause exists to believe a person
    has violated 61-8-401, 61-8-406, or 61-8-410.
        (3)   The person's obligation to submit to a test under 61-8-402
    is not satisfied by the person submitting to a preliminary

alcohol screening test pursuant to this section.

(4) The peace officer shall inform the person of the right to refuse the test and that the refusal to submit to the preliminary alcohol screening test will result in the suspension or revocation for up to 1 year of that person's driver's license.

(5) If the person refuses to submit to a test under this section, a test will not be given. However, the refusal is sufficient cause to suspend or revoke the person's driver's license as provided in 61-8-402.

(6) A hearing as provided for in 61-8-403 must be available. The issues in the hearing must be limited to determining whether a peace officer had a particularized suspicion that the person was driving or in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol or in violation of 61-8-410 and whether the person refused to submit to the test.

(7) The provisions of 61-8-402 (2) through (7) that do not conflict with this section are applicable to refusals under this section. If a person refuses a test requested under 61-8-402 and this section for the same incident, the department may not consider each a separate refusal for purposes of suspension or revocation under 61-8-402.

(8) A test may not be conducted or requested under this section unless both the peace officer and the instrument used to conduct the preliminary alcohol screening test have been certified by the department pursuant to rules adopted under the authority of 61-8-405(6).

¶10 Smith's unconstitutionality argument relates to the hearing requirements under the statute. Section 61-8-409(6), MCA (1995), states that "[a] hearing as provided for in 61-8-403 must be available." Smith points out that a hearing under § 61-8-403, MCA (1995), may include review of whether the person was placed under arrest. But § 61-8-409(6), MCA (1995), limits the issues at the hearing to whether the peace officer had a particularized suspicion to stop the person and whether the person refused to submit to the test.

¶11 We begin with a presumption that statutes are constitutional. Monroe v. State (1994), 265 Mont. 1, 3, 873 P.2d 230, 231. Statutes which impose penalties, however, either criminal or civil, must be clear and explicit, and where such statutes are so vague and uncertain in their terms as to convey no meaning, the courts must declare the penal provisions void. Missoula High School, Etc. v. Superintendent (1981), 196 Mont. 106, 112, 637 P.2d 1188, 1192. A statute may be unconstitutionally vague in two ways: on its face or as applied in a particular situation. State v. Martel (1995), 273 Mont. 143, 149, 902 P.2d 14, 18. Smith claims that § 61-8-409, MCA (1995), is vague on its face and as applied to him. Both claims are based on the perceived inconsistencies mentioned above as to the breadth of hearings on license suspension.

¶12   A statute is void if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.  State v. Brogan (1995), 272 Mont. 156, 168, 900 P.2d 284, 291.  If the challenged statute is reasonably clear in its application to the conduct of the person bringing the challenge, the statute cannot be stricken on its face for vagueness.  State v. Nye (1997), 283 Mont. 505, 514, 943 P.2d 96, 102.  Although Smith has cited a number of cases involving vagueness challenges to statutes, he has cited no cases on point as to the type of statutory challenge he makes in this case.

¶13   Section 61-8-409, MCA (1995), clearly and distinctly provides that a person who operates a vehicle upon public ways of the state of Montana is deemed to have given consent to a PAST and that refusal to submit to the past will result in the suspension or revocation of that person's driver's license for up to one year.  We see nothing unclear in that portion of the statute.  The instructions given for the PAST clearly stated, "You may refuse to take this test.  However, if you do, your driver's license will be suspended for six months."

¶14   Section 61-8-409(3), MCA (1995), clearly differentiates between a PAST and a test under § 61-8-402, MCA (1995):  "The person's obligation to submit to a test under § 61-8-402 is not satisfied by the person submitting to a preliminary alcohol screening test pursuant to this section."   The PAST under § 61-8-409, MCA (1995), is for the limited purpose of estimating a driver's alcohol concentration and is not substantive evidence of the amount of alcohol present in the driver's body.  State v. Strizich (Mont. 1997), 952 P.2d 1365, _____, 54 St.Rep. 1241, 1246.  That purpose is different from the purpose of the blood or breath tests under § 61-8-402, MCA (1995):  "for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person's body."  The former assists the peace officer in determining whether there is probable cause to support an arrest, while the latter can be used as substantive evidence in a criminal prosecution to support a conviction of DUI.  The issues at hearings on suspensions and revocations under the two statutes are necessarily different; appropriately, the arrest requirement is not present in the instance of a past, because that test is administered, based upon particularized suspicion, prior to arrest to help the officer determine if an arrest is warranted.

¶15   Inasmuch as the issues which may be considered at a hearing under subsection (4) of § 61-8-403, MCA (1995), differ from the provisions of § 61-8-409 (6), MCA (1995), we rely on the rule of statutory construction that the specific prevails over the general.  A particular statutory intent controls over a general one which is inconsistent with it.  Section 1-2-102, MCA.  Further, when two statutes deal with a subject, one in general and comprehensive terms and the other in minute and more definite terms, the more definite statute will prevail to the extent of any opposition between them.  In re Marriage of Jones (1987), 226 Mont. 14, 16, 736 P.2d 94, 95.

¶16   Section 61-8-403, MCA (1995), may fairly be described as a general statute concerning appeals of suspensions and revocations of driver's licenses

under the implied consent laws.  While the issues to be considered at a license suspension or revocation hearing are laid out in subsection (4), the statute also deals with other matters relating to such appeals.  Subsection (1) sets forth when and where a petition to challenge a license suspension or revocation must be filed.  Subsection (2) provides for notice to the state and representation of the state at the hearing.  Subsection (3) allows a stay of the suspension or revocation pending the hearing.  Subsection (5) states that the right of appeal does not apply when the driver's license has been seized, suspended, or revoked under tribal law.

¶17  Section 61-8-409, MCA (1995), is the specific statute on PASTs, including hearings on license suspension or revocation based upon refusal to submit to a PAST.  Section 61-8-409(6), MCA (1995), specifies the issues which may be discussed at a hearing on suspension or revocation of a driver's license when the suspension or revocation is based upon refusal to submit to a PAST prior to arrest.

¶18  We conclude that Smith has not established a conflict among Montana's implied consent statutes which renders them unconstitutionally vague either on their face or as applied to him.  We therefore affirm the judgment of the District Court upholding the suspension of Smith's Montana driver's license.

/S/  J. A.  TURNAGE

We concur:

/S/  JAMES C. NELSON
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER