No. 03-167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 347N

IN RE THE MARRIAGE OF
JACK E. FITZPATRICK,

       Petitioner and Respondent,

   and

LINDA FITZPATRICK,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and for the County of Lake, Cause No. DR-96-13,
                     The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          James C. Bartlett, Attorney at Law, Kalispell, Montana

      For Respondent:

          Robert Terrazas, Justin Starin, Terrazas Law Offices, Missoula, Montana

                    Submitted on Briefs:  October 2, 2003

                          Decided:  December 17, 2003

Filed:

                      _____
                                   Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 The Appellant, Linda Fitzpatrick (Linda), appeals the Findings of Fact, Conclusions of Law and Order Amending Parenting Plan of the District Court for the Twentieth Judicial District, Lake County, granting Jack E. Fitzpatrick's (Jack) Motion to Amend Parenting Plan. We affirm.

BACKGROUND

¶3 On June 24, 1989, Linda and Jack married. They have two children: Loren Thomas Fitzpatrick, born October 29, 1989, and Dillon Rebecca Fitzpatrick, born June 24, 1992. On November 27, 1996, a decree of dissolution was entered dissolving the marriage; the parties were awarded joint custody of the children with Linda designated as the primary residential custodian. The decree granted Jack reasonable visitation rights.

¶4 On February 14, 2001, Jack filed a motion for a parenting evaluation. He expressed concern over the existing custodial arrangements, specifically that Linda's alcohol consumption and related issues amounted to a disruption to the children's living environment. On April 4, 2001, the District Court ordered an evaluation appointing William Stratford, M.D., a doctor specializing in child, adult and forensic psychiatry, to conduct the evaluation. Dr. Stratford issued his report on June 26, 2002.

2

¶5     On July 25, 2002, Jack filed a motion to amend the parenting plan. He alleged that new facts and circumstances arose since the adoption of the prior parenting plan which justified a change in the custodial arrangements. He relied on Dr. Stratford's findings and opinions to support his position. The record reflects that Linda's attorney was served with the motion and supporting documents on July 24, 2002. The proposed plan designated Jack as the primary residential custodian with Linda to have supervised visitation.

¶6     On August 9, 2002, Jack requested a hearing to his motion, and suggested that given the circumstances and impending school year, the hearing be held as soon as possible. Again, the record reflects that Linda was served with these documents through her attorney on August 8, 2002. On August 16, 2002, the court set a hearing date of September 16, 2002. On September 3, 2002, Linda substituted counsel due to her current counsel's health. On September 11, 2002, her new counsel moved for a continuance. After denying the continuance, the District Court held evidentiary hearings on September 16 and 17 and December 6, 2002.

¶7     On January 6, 2003, the District Court issued its Findings of Fact, Conclusions of Law and Order Amending Parenting Plan. The District Court determined that new circumstances had arisen since the November 27, 1996, Dissolution Decree; it specifically found that Linda was unable to provide a stable environment for the children free from alcohol abuse, therefore it was in the best interests of the minor children to designate Jack as the primary residential custodian. It is from these Findings of Fact, Conclusions of Law and Order Amending Parenting Plan that Linda appeals. We restate the issues on appeal:

¶8    1. Did the District Court follow the correct procedure for amending Jack and Linda's parenting plan?

¶9    2. Did the District Court err when it granted Jack's motion to Amend Parenting Plan?

¶10    3. Did the District Court abuse its discretion when it denied Linda's motion to have the court question her son, Loren?

STANDARD OF REVIEW

¶11    Our standard of review of findings of fact on the modification of a parenting plan regarding custody and visitation is that the district court's findings will be sustained unless they are clearly erroneous. *In re Marriage of Oehlke,* 2002 MT 79, ¶ 9, 309 Mont. 254, ¶ 9, 46 P.3d 49, ¶ 9. We will reverse a district court's decision regarding modification of custody only where an abuse of discretion is clearly demonstrated. *Oehlke,* ¶ 9.

DISCUSSION

ISSUE ONE

¶12    Did the District Court follow the correct procedure for amending Jack and Linda's parenting plan?

¶13    Linda makes several procedural arguments which she contends resulted in a denial of due process. She asserts that the District Court failed to comply with Rule 16, M.R.Civ.P., and § 40-4-220, MCA, when it held the hearing to amend the parenting plan on September 16, 2002, and such noncompliance divested the court of jurisdiction. She argues that Jack's motion initiated a new round of litigation and the court was required to follow the mandates of Rule 16. Furthermore, she claims she was denied adequate discovery time

4

as afforded through Rule 30(a), M.R.Civ.P. Finally, Linda maintains that Jack failed to comply with § 40-4-220(1), MCA, when he neglected to give notice to Linda regarding his motion, and the court subsequently failed to comply with § 40-4-220(2)(b), MCA, when it failed to order Jack to show cause for the hearing. Linda claims this rush to trial constituted a denial of due process.

¶14 Jack counters by contending the District Court properly exercised jurisdiction over the matter, and that it substantially complied with the requisite procedure for amending the parenting plan. First, he claims his pleadings filed with the court complied with the pertinent statute addressing the amendment of parenting plans. Second, he states that the court satisfied the necessary procedural requirements, specifically pointing out that Rule 16 is permissive in the context of pretrial conferences and orders. Additionally, Jack suggests that Linda had more than ample time to prepare for this hearing and complete discovery considering she had been participating in the parenting evaluation since the court ordered it on April 4, 2001. Furthermore, Jack contends that the denial of Linda's motion for a continuance was not an abuse of discretion considering the entire matter in context. Finally, Jack contends that Linda waived her due process, discovery and notice arguments because she failed to properly preserve them for appeal.

¶15 A district court's jurisdiction over matters of child custody is of a continuing nature. *Matter of B.T.* (1986), 223 Mont. 287, 289, 725 P.2d 230, 231; *In re Custody of Dumont* (1985), 216 Mont. 118, 121, 700 P.2d 167, 169. This Court has said that Rule 16, M.R.Civ.P., relating to pretrial procedures is permissive, not mandatory. *Ottersen v. Rubick* (1990), 246 Mont. 93, 99, 803 P.2d 1066, 1070; *Lenz v. Mehrens* (1967), 149 Mont. 394,

5

*397*, 427 P.2d 297, 298. Moreover, the legislature adopted § 40-4-220, MCA, to procedurally address amending a parenting plan. This Court has said when a general and specific provision are inconsistent, the specific statute controls. *Smith v. State, Driver's Improvement Bureau*, 1998 MT 94, ¶ 15, 288 Mont. 383, ¶ 15, 958 P.2d 677, ¶ 15. We conclude the District Court followed the proper procedure as dictated in § 40-4-220(1), MCA, when it considered the amendment to parenting plan.

¶16 We now turn to Linda's claim that she was improperly denied a continuance. Any motion for continuance is within the sound discretion of the district court and we will not overrule the court's decision to deny such request unless there is an affirmative showing of prejudice. *In re Marriage of Pospisil*, 2000 MT 132, ¶ 18, 299 Mont. 527, ¶ 18, 1 P.3d 364, ¶ 18. After a review of the record, we conclude that the District Court did not abuse its discretion in denying the motion.

¶17 Jack initiated this process when he requested a parental evaluation on April 4, 2001. Linda participated in the process and was obviously aware that Jack was concerned about the custody arrangements since that time. Once Dr. Stratford's report was filed in June of 2002, it should have been apparent that Jack would be moving for a change in the plan. Jack filed his motion to amend the plan on July 25, 2002, and requested a hearing on August 9, 2002. Linda's then attorney received the documents in a timely fashion. The District Court, on August 16, 2002, set the matter for a hearing to take place on September 16, 2002.

¶18 Linda filed a substitution of counsel on September 3, 2002, but waited until September 11, 2002, to move for a continuance, only five days before the scheduled hearing. The District Court was faced with competing considerations: the need to hold a timely

6

hearing when the children's welfare was at issue, and the need to be fair to Linda who recently changed attorneys. These are always difficult decisions for trial judges. We are not convinced the District Court abused its discretion in denying the continuance under the circumstances.

¶19 In summary, we hold that the District Court did not err when it followed the procedure outlined in § 40-4-220(1), MCA, and it did not abuse its discretion when it refused to grant Linda's motion to continue.

## ISSUE TWO

¶20 Did the District Court err when it granted Jack's motion to Amend Parenting Plan?

¶21 We recognize the difficult position district courts are in when presented with contentious child custody cases. We reaffirm our belief that the trial court is in a much better position than this Court to resolve child custody issues. Therefore, we presume a district court's ruling is correct and will uphold it unless there is clear evidence of error or abuse of discretion. *In re Marriage of Hedges*, 2002 MT 204, ¶ 17, 311 Mont. 230, ¶ 17, 53 P.3d 1273, ¶ 17.

¶22 The finding of changed circumstances is a jurisdictional prerequisite, and absent such finding, a district court may not modify an existing custody agreement. *Oehlke*, ¶ 12. If the amendment to the parenting plan has the effect of substantially changing the primary residence of the parties' children, the district court must find that the requirements of § 40-4-219, MCA, have been met. *Oehlke*, ¶ 12. Section 40-4-219, MCA, authorizes a district court to modify existing parenting plans if there have been changed circumstances since the adoption of the prior plan *and* it is in the best interests of the children.

7

¶23 Linda disputes that there was a change in circumstance so substantial as to warrant changing the children's primary residential custodian from herself to Jack. Moreover, she argues that the District Court granted relief beyond what Jack requested when it amended the parenting plan and did not provide for temporary placement of the children with Jack.

¶24 Conversely, Jack underscores the new circumstances that have arisen since their previous parenting plan, such as Linda's alcohol abuse; Linda's threats to withhold affection if the children said they didn't want to live with her; Jack and his new wife's relationship as providing a positive, more stable environment for the children; Linda's violation of the existing parenting plan by neglecting to facilitate the children's school attendance; and the children's current behavior which is classic of children who reside with an alcoholic parent. He maintains the District Court appropriately found that the changed circumstances required an amendment to the parenting plan and such findings were supported by credible evidence.

¶25 We agree with Jack. There was substantial evidence to support the District Court's findings. For instance, Linda's former boyfriend, Robert Chada, testified that her alcohol abuse progressively increased starting in 1999. This resulted in disruptive behavior toward the children. Dr. Stratford testified about his concern for the well being of the children while presently under the care of Linda, and strongly suggested that the children be under the care of Jack and his new wife until Linda can successfully be treated for her alcoholism. Kathy Westerly, a licensed counselor, testified that when the children came in for therapy they appeared traumatized and frightened. They were reluctant to express their feelings about where they wanted to live because they were fearful that their mother would leave and they

8

would never see her again. School records indicate the children had poor attendance throughout the past three years while under Linda's supervision.

¶26 Linda presented numerous lay witnesses that testified positively to her ability to care for her children and her provision of a healthy home environment for the children. We said in *Jefferson v. McCauley Ranches*, 1999 MT 333, ¶ 31, 297 Mont. 392, ¶ 31, 994 P.2d 11, ¶ 31, even if there is contradictory evidence, we will uphold the district court if there is substantial credible evidence to support its findings because such determinations are within the province of the trier of fact. We will not second guess the district court's determinations when contemplating the weight of conflicting evidence. *Rafanelli v. Dale* (1996), 278 Mont. 28, 37, 924 P.2d 242, 248. We affirm the District Court on this issue.

ISSUE THREE

¶27 Did the District Court abuse its discretion when it denied Linda's motion to have the court question her son, Loren?

¶28 During the hearing on September 17, 2002, Linda asked the court to interview her son, Loren, to establish from his perspective whether there was violence in the house and whether or not his mother passes out from drinking. Jack objected to this interview on the grounds that it was not in the best interest of the child to put him in the middle of his parents' dispute. Both the court and Jack questioned the relevance of this evidence since Jack already conceded that the children prefer to live with their mother.

¶29 Admission of testimony is a matter of discretion for the trial court, and its decision will not be disturbed absent a showing of abuse of that discretion. *In re Marriage of Nies and Cooper*, 2003 MT 100, ¶ 29, 315 Mont. 260, ¶ 29, 68 P.3d 697, ¶ 29. We are not

9

persuaded by Linda's arguments that the District Court should have granted her motion to interview her minor child.  Therefore, we conclude that the District Court did not err or abuse its discretion regarding Linda's motion to interview Loren.

¶30     In summary, we affirm the District Court's Findings of Fact, Conclusions of Law and Judgment.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE