DA 10-0175

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 33

PENNY ANN NICHOLS,

       Petitioner and Appellant,

  v.

THE DEPARTMENT OF JUSTICE,
DRIVER'S LICENSE BUREAU,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 09-706
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Bryan Charles Tipp and Brett D. Schandelson, Tipp & Buley, P.C.,
Missoula, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant
Attorney General, Helena, Montana

              Fred Van Valkenburg, Missoula County Attorney; Susan E. Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  January 12, 2011
Decided:  March 1, 2011

Filed:

                    _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Penny Nichols (Nichols) appeals from the order of the Fourth Judicial District Court, Missoula County, denying her petition to set aside the Department of Justice's (DOJ) suspension of her driver's license pursuant to § 61-2-402, MCA. We affirm.

¶2 We consider the following issue on appeal:

¶3 *Does the DOJ's suspension of Nichols's driver's license pursuant to § 61-2-402, MCA, violate her right to be free from an unreasonable search and seizure?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Missoula County Sheriff deputies stopped Nichols for a traffic infraction on June 1, 2009. The deputies observed Nichols display signs of intoxication. Nichols performed the standard field sobriety tests and provided a breath sample on a Preliminary Alcohol Screening Test (PAST) device. Based on Nichols's performance of the field sobriety tests and the results of the PAST, the deputies arrested Nichols for DUI and transported her to the Missoula County Detention Center (MCDC) for DUI processing. Nichols refused to provide a breath sample on the Intoxilyzer 8000 at MCDC.

¶5 DOJ suspended Nichols's driver's license pursuant to § 61-8-402(4), MCA, because of her refusal to provide a breath sample pursuant to § 61-8-402(1)-(2), MCA. On June 8, 2009, Nichols filed a "Petition to Set Aside Driver's License Suspension, Pursuant to § 61-8-403, MCA, or in the Alternative, For Declaratory Relief Setting Aside Driver's License Suspension."

¶6     For the purposes of this civil proceeding only, Nichols stipulated that the officers validly had stopped her car for a traffic infraction, that the officers validly had arrested her for DUI, and that she had refused the requested breath test at MCDC. Nichols argued during the civil proceeding that the statutory requirements to provide multiple alcohol breath tests violated her right to be free from unreasonable searches, her right to not be compelled to incriminate herself, and her right to privacy.

¶7     The District Court rejected Nichols's constitutional challenges. The court "stresse[d] that this is not a criminal action charging the Petitioner with driving while under the influence" and that Nichols's constitutional arguments "should be raised in the criminal action." The court limited the issue "in this civil action to whether law enforcement can seize the Petitioner's driver's license under the 'implied consent' statutes for refusing a second breath test at the detention center." The court "nevertheless" undertook a discussion of Nichols's constitutional challenges as they related to the civil proceeding, determined that the challenges lacked merit, and denied her petition.

## STANDARD OF REVIEW

¶8     We review a district court's ruling on a petition to reinstate a driver's license to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Brown v. State,* 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842. We review for correctness a district court's interpretation of constitutional law. *State v. Michaud,* 2008 MT 88, ¶ 15, 342 Mont. 244, 180 P.3d 636.

## DISCUSSION

¶9     *Does the DOJ's suspension of Nichols's driver's license pursuant to § 61-2-402, MCA, violate her right to be free from an unreasonable search and seizure?*

¶10     Montana law permits law enforcement officers to administer two separate breath alcohol tests during a criminal DUI investigation. Sections 61-8-402, -409, MCA. Section 61-8-409, MCA, provides that a driver is considered to have given consent to a preliminary alcohol screening test requested by a police officer in a DUI investigation. Section 61-8-402, MCA, similarly provides the so-called implied consent for "a test or tests of the person's blood or breath" when the police officer has reasonable grounds to believe the person has been driving under the influence. Section 61-8-402(1)-(2), MCA.

¶11     The 1995 Montana Legislature enacted the additional implied consent law in § 61-8-409, MCA, to provide for the use of pre-arrest PASTs to estimate the alcohol concentration of persons suspected of driving under the influence. *Smith v. State,* 1998 MT 94, ¶ 8, 288 Mont. 383, 958 P.2d 677. Section 61-8-409(2), MCA, states that a person's providing of a PAST pursuant to § 61-8-409, MCA, *does not satisfy* the person's obligation to submit to a test under § 61-8-402, MCA. Section 61-8-409(2), MCA, "clearly differentiates between a PAST and a test under MCA § 61-8-402." *Id.* at ¶ 14. The two tests neither conflict with each other nor suffer unconstitutional vagueness. *Id.* at ¶ 18.

¶12     If an arrested person refuses to submit to one or more tests requested by the officer, the officer may not administer the test, but immediately must seize the person's driver's license on behalf of the DOJ. Section 61-8-402(4), MCA. The DOJ then suspends the person's driver's license for the applicable time period as set out in § 61-8-402(6), MCA. *Id.*

4

¶13 The person has a limited right to appeal the driver's license suspension under § 61-8-403, MCA. The court hearing the appeal may consider only certain issues delineated in § 61-8-403(4)(a), MCA. These issues include whether the peace officer had reasonable grounds for the stop and arrest and whether the person refused to submit to the test designated by the officer. Section 61-8-403(4)(a)(i), (iv), MCA. Section 61-8-403(4)(b), MCA, provides that "[b]ased on the issues in subsection (4)(a) and no others," a district court shall determine whether the petitioner's license is subject to suspension or revocation.

¶14 Nichols has stipulated to all the issues that a district court may consider pursuant to § 61-8-403, MCA. Nichols's petition does not rest on § 61-8-403, MCA, but can be characterized only in its proposed alternative as a petition "For Declaratory Relief Setting Aside Driver's License Suspension." Nichols seeks a declaratory judgment that the implied consent provisions of §§ 61-8-402 and -409, MCA, forced an unconstitutional search or seizure by threatening her with the suspension of her driver's license.

¶15 Nichols argues that the Department's seizure and suspension of her driver's license, pursuant to § 61-8-402(4), MCA, violated her constitutional rights under Article II, Sections 10 and 11 of the Montana Constitution. Nichols does not indicate clearly whether she believes that the unconstitutional search occurred when the officer requested the second breath test after explaining the consequences of refusal, when the officer seized her license, or if the unconstitutionality existed when the legislature authorized implied consent provisions in both §§ 61-8-402 and -409, MCA. We take these possibilities one at a time.

¶16 First Nichols could not have suffered a search of her breath at MCDC because she refused to provide a breath sample. Nichols also could not have suffered a seizure due to the "threat" of driver's license suspension. Nichols has not explained how the officer's explanation of the rights and consequences of her choices constituted either a "threat" or an unconstitutional search or seizure. We note that Montana's statutory right of refusal affords arrested intoxicated drivers even greater protections from self-incrimination than required either by the United States or Montana Constitution. *South Dakota v. Neville,* 459 U.S. 553, 565 (1983); *State v. Turbiville*, 2003 MT 340, ¶ 16, 318 Mont. 451, 81 P.3d 475.

¶17 We next address Nichols's contention that the officers' seizure of her driver's license pursuant to § 61-8-402, MCA, constituted an unconstitutional seizure. The state lawfully may seize and suspend a person's driving privileges for refusing to take a blood-alcohol test pursuant to the state's implied consent laws. *Neville,* 459 U.S. at 560. We have upheld the constitutionality of the related consequence of refusing a breath test—the rebuttable inference in § 61-8-404(2), MCA—over challenges based on due process, the right to counsel, and the protection against self-incrimination. *Michaud*, ¶ 63. Driving in Montana constitutes a privilege, not a right. *Id.* at ¶ 58 (citations omitted). If a person wishes to enjoy the benefits of this privilege, the person must accept concomitant responsibilities, including the implied consent provisions in §§ 61-8-402 and -409, MCA. *Id.* The seizure and suspension of Nichols's driver's license constitutes a civil administrative penalty and has not violated her protections against unreasonable searches and seizures.

¶18    Finally, we address Nichols's argument that the implied consent laws work an unlawful infringement on her constitutional rights. Nichols asserts that the officers' requests for two breath tests constitute "multiple, invasive, warrantless" searches that require warrant exceptions. Nichols argues that the Court must apply strict scrutiny and conclude that any compelling interest based on exigency extinguished at the moment that the officers had obtained the results from the PAST.

¶19    DOJ responds that Nichols has based her argument on the incorrect legal premise that Montana's statutory implied consent provisions constitute common law warrant exceptions to the warrant requirement. DOJ further argues that Nichols's exigent circumstances argument is wholly irrelevant to the constitutionality of the implied consent condition to the privilege to drive in Montana. DOJ contends that the implied consent provisions do not infringe on a fundamental right, that driving is not a right at all, that the statutory right of refusal actually provides greater protections than constitutionally required, and that the implied consent provisions must only pass rational basis review. We agree.

¶20    Courts have recognized only a few "specifically established and well-delineated" search warrant exceptions. *State v. Loh,* 275 Mont. 460, 468, 914 P.2d 592, 597 (1996). Those few warrant exceptions are "jealously guarded and carefully drawn." *State v. Ellis,* 2009 MT 192, ¶ 73, 351 Mont. 95, 210 P.3d 144. Nichols does not identify a single authority for her proposition that implied consent statutes constitute a warrant exception. We refuse to conflate warrant exceptions with implied consent provisions as Nichols proposes.

The suspension of a driver's license constitutes a civil penalty that results from the refusal to provide a breath sample under the circumstances set forth in §§ 61-8-402 and -409, MCA.

¶21 The flaw in Nichols's argument becomes readily apparent when one considers the remedy that Nichols seeks. The exclusionary rule provides the standard remedy for constitutional violations of illegal searches by excluding illegally obtained evidence from subsequent prosecutions against the victim of the illegal search. Nichols does not request the exclusion of breath test evidence. No such evidence exists. Nichols instead requests that this Court declare the implied consent statutes unconstitutional as applied to these facts. We reject Nichols's unavailing invitation to declare the implied consent laws unconstitutional as infringements on the right to be free from unreasonable searches and seizures.

¶22 Nichols has stipulated to the legality of the stop and her arrest for the purposes of this civil proceeding. Nichols challenges the constitutionality of §§ 61-8-402 and -409, MCA. We conclude that the administrative seizure and suspension of Nichols's driver's license does not present a cognizable seizure subject to heightened scrutiny. The two implied consent provisions have not worked an unreasonable search or seizure against Nichols.

¶23 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT

8

/S/ JIM RICE